HUMPHREY CHADBOURNE & *ux.* & *als.* versus JOHN M.
RACKLIFF.

*If,* pending a writ of entry by several demandants, the tenant purchase the
share of one of them, the writ may be amended by striking out that one's
name.

A conveyance of land by an administrator, under a license from the probate
court, after the time limited by law for the operation of the license, is
void.

Such conveyance cannot be considered as made under a license. To such
a conveyance, the limitation of five years, provided in chap. 52 of the stat-
utes of 1836, does not apply.

An assignment of a satisfied mortgage, conveys no interest in the estate.

When the condition of a mortgage has been performed, it cannot be set up
to defeat the title of the mortgager.

The rule that a bill in equity is the appropriate remedy for a mortgager, does
not apply, when the mortgagee is not in possession, and when the condi-
tion of the mortgage has been fulfilled.

A suit by husband and wife to recover land, which she had deeded, when
an infant, is a disaffirmance of her act of sale.

A writ of entry by heirs, to recover land which belonged to their ancestor,
is not barred by the pendency, in the court of probate, of a petition by the
administrator, for license to sell the same for the payment of debts. Such
license, if obtained, will not be defeated by a judgment in favor of the
heirs.

WRIT OF ENTRY, to recover seven-eleventh undivided parts
of a farm, in Corinna. The plaintiffs are heirs of Enoch
Hayden, who died in May, 1834, to whom the farm once
belonged, and are seven of the eleven children remaining.
Writ dated Feb. 8, 1847.

The tenant exhibited a mortgage deed, given by said Hay-
den to the town of Corinna, in *1823,* conditioned to support
·one James Adams and wife, and save said town harmless, and
also an assignment of it, from said town to himself, dated in
July, 1848. Since the commencement of this action the title

of one of the plaintiffs has been acquired by the tenant. The Court allowed the other plaintiffs to amend the writ by striking out his name.

While Enoch Hayden lived, he continued to maintain Adams and wife. They survived him four or five years, during all which time they were supported by the widow and children of Hayden, but chiefly by the oldest son, Freeman, at whose request the mortgage was assigned by the town to the tenant, as above stated. Susan, one of Hayden's daughters, while a minor, deeded her portion of the estate, which came by mesne conveyances, to the tenant. She and her husband are plaintiffs in this suit, to recover back the same.

In January, 1836, the administratrix of said Hayden's estate, obtained license from the probate court, to sell land to the amount of $250, for payment of his debts; and in December, 1837, she made a sale to the tenant.

After the commencement of this suit, application was made to the judge of probate, by the administrator *de bonis non*, upon the estate of Hayden, to sell the land for the payment of debts. From the decree granting the license, an appeal was taken, and is now pending in this Court.

The Judge instructed the jury that, under the deed from the town of Corinna to the tenant, he could acquire no title in the premises; that the proceedings in the probate court, and the doings under the same, were inoperative to affect the demandant's title to their six-eleventh parts; that the deed from Susan Hayden, having been executed during her minority, was voidable, and she, by bringing this action, having elected to avoid the same, it was now inoperative, unless, after having arrived at the age of 21 years, she had confirmed the conveyance by some act or declaration.

The jury returned a verdict for the demandants, for six-elevenths of the land.

Exceptions were filed to the rulings and instructions.

*Knowles*, for defendant.

The deed of Susan Hayden was only voidable. It was given but a few months before she arrived at her majority;

she did no act to disaffirm it for ten years. Her assent to it is to be presumed from lapse of time. This suit is not her act, but her husband's. Being voidable only, she should have given notice, or done some act in disaffirmance, in a reasonable time after arriving at her majority.

The tenant further claims to hold the premises, as assignee of the mortgage, given by Enoch Hayden to the town. *Carl* v. *Butman,* 7 Greenl. 102.

Enoch Hayden agreed to support the paupers, and secured his contract by the mortgage. This mortgage was outstanding at the time of Hayden's death, the paupers still living, and relying upon the town for support. The premises were holden for their maintenance, and must have been sacrificed, if some one had not interposed to prevent it. To save the estate, and acquire a solid title, Freeman Hayden assumed the obligation, and supported Adams and his wife. He thus became the purchaser of the mortgage; as much so, as though he had paid a sum of money due. All his rights thus acquired, were duly transferred to the defendant by the assignment of the mortgage. The persons who supported Adams and wife, after the death of Enoch Hayden, were mere strangers to the transaction between him and the town. They were under no obligations to discharge his bond. They acquired the same rights of any other persons purchasing. If the town, upon the death of Enoch Hayden, had contracted with some other person to support Adams and wife, and had transferred the mortgage to such person, he would have had a claim upon the estate for what he might so expend; or if the town had supported them, the cost would have been charged upon the land, and his heirs must have paid up the incumbrance, before they could hold the premises. So the defendant has a right to hold the premises for what it cost to support James Adams and wife, after the death of Enoch Hayden.

The acts of the town in their assignment to the tenant, show that they recognized a contract with Freeman, for the support of the paupers.

It may be said the town sustained no damage, and therefore

the mortgage became void.  But the assignee, who stood in their place, sustained the expense of supporting Adams and wife for years.

The Court will uphold a mortgage, when it is for the interests of the assignee.  Defendant has no remedy unless he can hold under this mortgage.  *Thompson* v. *Chandler,* 7 Greenl. 377 ; *Gibson* v. *Crehore,* 3 Pick. 475.

The estate is still under administration, and a petition is pending for leave to sell enough of the estate to pay the debts. There is no other property.

The demandants cannot maintain this action, as it was not commenced within five years from the time of sale by the administrator.  Rev. Stat. chap. 112, § 18.

Here was a petition to sell by the administratrix, a license to sell and other formalities complied with, and a sale made as shown by the deed introduced.  The statute contemplates that there may be defects in such sale, and is therefore peremptory that they must be taken advantage of within five years.  The deed of the administratrix must now be considered good.

*Cutting* and *J. E. Godfrey,* for demandants.  The demandants are entitled to six-elevenths of the premises, unless the tenant shows a better title.

He claims under the administratrix's deed of December 9, 1837.  This deed is void because she did not sell within one year from the date of probate license.  Whoever claims under a statute conveyance must show a statute compliance.  Stat. of 1821, chap. 52, § 3 and 12.

Another source of the tenant's title is a mortgage deed from Enoch Hayden to the inhabitants of Corinna, and an assignment of the same to himself.  That deed was not assignable, it did not run to the town's assigns.  They were special trustees, and the mortgage was a personal trust.

The town never sustained any damage, consequently the mortgage became void.

There was no notice or request made to the overseers.  R. S. chap. 32, § 48.

There was no understanding between overseers and Freeman Hayden about pay, or an assignment of the mortgage. This is all an afterthought, brought in here to bolster up a defective title, made in July, 1848, more than a year after this suit. Freeman Hayden had no legal claim against the town.

The petition of the present administrator to sell the estate for the payment of debts, as it respects the demandants, may be regarded as an idle act, the same being appealed.

As to the amendment allowed, of striking out the name of the demandant, who conveyed his interest after the suit to the tenant, see *Thayer* v. *Hollis,* 3 Metc. 369; *Rehoboth* v. *Hunt,* 1 Pick. 224.

SHEPLEY, C. J. — This writ of entry was brought to recover seven-eleventh undivided parts of a farm situated in the town of Corinna.

Enoch Hayden, the former owner, died in the month of May, 1834, intestate, leaving eleven children then alive. The demandants are his children, and they will be entitled to recover, unless the tenant has acquired a superior title. He has acquired the title of Henry W. Hayden, one of the original demandants by a conveyance from him, made on May 27, 1848, since the commencement of the suit. The demandants obtained leave to discontinue as to him; and to this exception is taken.

An amendment of like kind was refused in the case of *Treat* v. *McMahon,* 2 Greenl. 120, and in the case of *Pickett* v. *King,* 4 N. H. 212. And was allowed in the cases of *Rehoboth* v. *Hunt,* 1 Pick. 224; *Thayer* v. *Hollis,* 3 Metc. 369; *Johnson* v. *Huntington,* 13 Conn. 47; *Wilson* v. *King,* 6 Yerg. 493.

Authority to permit such an amendment is claimed by the Court in Massachusetts without any statute expressly authorizing it. *Stevens* v. *Fitch,* 2 Metc. 505. And in the case of *Minor* v. *The Mechanics' Bank of Alexandria,* 1 Peters, 46, it is said, " in the administration of justice, matters of form,

not absolutely subjected to authority, may well yield to the substantial purposes of justice.''

When an action appears to have been properly commenced, and one defendant is discharged upon proof of infancy, the suit has been maintained against the others. *Hartness* v. *Thompson*, 5 Johns. 160; *Woodward* v. *Newhall*, 1 Pick. 501; *Cutts* v. *Gordon*, 13 Maine, 474.

The case of *Treat* v. *McMahon*, appears to have been decided upon a motion without opportunity for consideration or argument. There being little distinction in principle between allowing the name of a plaintiff or of a defendant to be struck out of a writ, the authority of that case is somewhat impaired by the case of *Cutts* v. *Gordon*.

In the present case the action was properly commenced by those, who were equally interested in the land as tenants in common. The right of the tenant to retain the whole estate, or of the remaining demandants to recover their shares, was in no degree affected by permitting the name of one demandant to be struck out. No change was required in the pleadings or issue except as to the proportion demanded. The same testimony would be required. Under such circumstances the administration of justice was best promoted by allowing the demandants to erase the name and to proceed with the suit.

The tenant claims title to the remaining six-eleventh parts, first by a conveyance from the administratrix of the estate of the intestate, made on December 9, 1837. She appears to have obtained a license to sell so much of the real estate of the intestate as would raise the sum of $250, at a probate court holden on the last Tuesday of January, 1836. The statute then in force, chap. 52, § 12, provided, that no such license should be in force for a longer term than one year from the time when it was granted. That conveyance having been made more than one year, after the license was granted, was wholly inoperative. The argument however is, that the demandant's right to recover is barred by the provision contained in the same section, that no action shall be sustained by an heir unless brought within five years after a delivery of the deed.

That provision applies only to actions " for the recovery of any real estate sold under such license." When an estate is sold, after the statute has determined that the license was void, it cannot be considered as sold under the license. No license then existed.

The tenant next claims to hold the estate as assignee of a mortgage made by the intestate to the town of Corinna on August 1, 1823, to save the town harmless from the support of James Adams and his wife so long as either of them should live. There is no testimony tending to prove, that either of them were at any time afterward chargeable to the town, or that the town incurred any expense on their account. On the contrary it appears, that they were supported by the intestate during his lifetime, and by his widow and children, or by two of his children, after his decease during the life of Adams, and the life of his wife.

The testimony of Freeman Hayden does not prove an agreement made between himself and the overseers of the poor of the town, that he and his brother should support Adams and wife at the expense of the town, or that the mortgage should be held or be assigned to them for their security for such support. All pretence of any claim on their part against the town was extinguished by lapse of time long before the town executed a release of its interest in the premises to the tenant, on July 24, 1848. That release being nothing more, at most, than an assignment of a satisfied mortgage conveyed no interest in the estate. When the condition of a mortgage has been performed, it cannot be set up to defeat the title of the mortgager. The tenant, when this action was commenced, was not in possession under the mortgage. He has since attempted to purchase in that title. The rule, that a bill in equity is the proper remedy when the mortgagee is in possession under his mortgage, is not applicable.

The fact, that a license has been granted, on petition of an administrator *de bonis non* of the estate, to sell real estate for the payment of debts, and that an appeal from such a decree

is pending in this Court cannot prevent a recovery by the demandants. Their recovery will not prevent a sale for such a purpose, if the administrator can legally obtain a right to sell. Nor will his right to obtain a license for that purpose be affected by a recovery.

The tenant claims one undivided eleventh part by a conveyance made by Susan Hayden, while she was unmarried and an infant. It is insisted, that her acquiescence amounts to a ratification; and that she has done no act exhibiting her pleasure to avoid the operation of that conveyance.

The opinion in the case of *Boody* v. *McKenney*, 23 Maine, 523, stated, that when an infant had conveyed real estate, mere acquiescence for years would afford no proof of a ratification. That some act must be performed, from which it could be inferred, and that an entry was a sufficient disaffirmance. After her marriage she could properly act only in connexion with her husband. Their uniting in this suit is equivalent to an entry for such a purpose.                    *Exceptions overruled.*