### BROWN AND APPLETON versus SAMUEL P. STRICKLAND.

Administrators de bonis non, cannot, in that capacity, maintain a real action.

WRIT OF ENTRY. General issue with claim for betterments, submitted to the court for nonsuit or default.

Several deeds, with much other evidence, were offered as to title, boundaries and betterments. The plaintiffs claim under the will of one Billings. By that will, the plaintiff, Brown, and one George Starrett were constituted executors and trustees, and in case either of them should die, the Judge of Probate was authorized to appoint some person as the successor, " to the end that there may be and continue two suitable persons, in whom the trust estate, hereby created, shall be vested, and on whom the execution of this will and the perform-

ance of the trusts may devolve." Starrett died. The Judge of Probate appointed Mr. Appleton, administrator *de bonis non*, who as such gave the bond, published the notices and took the oath thereof, as required of administrators *de bonis non*.

WELLS, J., orally. — A demandant in a real action must prove his title. Under the will the title was vested in two persons, executors and trustees. Provision was made in the will for the appointment of a substitute, if one of them should die.

One of them died. Thereupon Mr. Appleton was appointed and qualified, and gave bond, not as a trustee, but as administrator *de bonis non.* In his commission, nothing is said in reference to rights or duties as a trustee. The offices and the requisite bonds are very distinct.

In administrators *de bonis non,* the title to the testator's real estate does not vest. They can maintain no real actions. We think no title vested in Mr. Appleton, upon which to maintain this suit.

There are other questions of magnitude in this case, but it is unnecessary to discuss them. *Demandants nonsuit.*

*J. Appleton* and *D. T. Jewett,* for plaintiffs.

*Cutting* and *Kelley,* for defendants.