[No. 12415. In Bank. — April 22, 1889.]

## MARSHALL STAPLES, RESPONDENT, v. J. M. CONNOR, APPELLANT.

STATUTE OF LIMITATION — SALE BY ADMINISTRATOR — MINOR HEIRS — PUBLIC ADMINISTRATOR — OFFICIAL BOND — OATH OF OFFICE. — The provision of section 190 of the Probate Act (section 1573, Code of Civil Procedure) for a three-year limitation of actions for the recovery of real property sold by an executor or administrator does not bar minor heirs, if the person who assumed to act as administrator had not taken out letters of administration, and had not given an official bond as public administrator, and had not taken the oath of office as such.

APPEAL from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion.

*J. F. Wendell*, and *George A. Lamont*, for Appellant.

Conceding the invalidity of the probate sale, the administrator was entitled to bring an action to set it aside. When he neglected to do so until his right of action was barred under the statute of limitations, the heir was also barred, even though he was a minor, or under other disability, at the time the action accrued to the administrator. (Probate Act, secs. 190, 191; Code Civ. Proc., secs. 1573, 1574; *Meeks* v. *Vassault*, 3 Saw. 210; *Meeks* v. *Olphert*, 100 U. S. 568; *McLeran* v. *Benton*, 73 Cal. 342; *Tynan* v. *Walker*, 35 Cal. 634; 95 Am. Dec. 152; *Hibernia S. & L. Soc.* v. *Conlin*, 67 Cal. 180.) The limitations of the Probate Act apply to all sales attempted to be made under the act, void as well as voidable. (*Harlan* v. *Peck*, 33 Cal. 528; 91 Am. Dec. 653; *Ganahl* v. *Soher*, 68 Cal. 95.) Hewitt was at least the *de facto* public administrator, and his title to that office cannot be collaterally questioned. (*People* v. *Sassovich*, 29 Cal. 485; *People* v. *Provines*, 34 Cal. 523; *Plymouth* v. *Painter*, 17 Conn. 585; 44 Am. Dec. 574.)

*John F. Ellison,* for Respondent.

The limitation prescribed by section 190 of the Probate Act did not run against the plaintiff, he being a minor. (Probate Act, sec. 191; Code Civ. Proc., sec. 1574; *Crosby* v. *Dowd,* 61 Cal. 557; *Ganahl* v. *Soher,* 68 Cal. 97; *Pryor* v. *Downey,* 50 Cal. 389; 19 Am. Rep. 656; *McNeil* v. *Congregational Society,* 66 Cal. 106.)

HAYNE, C. — Ejectment. The respondent, who was a minor until within a year from the commencement of the action, claims as heir of the former owner. The appellant claims as the purchaser at an administrator's sale made in 1870.

It is virtually conceded that the sale was void, and we think there can be no doubt on the subject. The position of the appellant is, that the action was barred by section 190 of the Probate Act, and the corresponding section of the Code of Civil Procedure. (Sec. 1573.) And except for the reason stated below, we should be inclined to think that this is so. (See *Meeks* v. *Vassault,* 3 Saw. 206; *Meeks* v. *Olpherts,* 100 U. S. 564; *McLeran* v. *Benton,* 73 Cal. 342, 343.) These cases proceed upon the principle that the administrator represents the heirs (minors as well as others), and that when he is barred by limitation, they are also. But it is manifest that if there was no administrator, the principle upon which the above decisions rest has no application.

Now, in the present case (which comes up without any of the evidence), the sale was by one who assumed to act as administrator, but who was not such. He had not taken out letters of administration upon the estate, and he was not entitled to act as public administrator. If he had been really the public administrator, it would not have been necessary for him to take out letters upon the particular estate; for the statute in force at that time provided, in relation to counties other than San Francisco and Sacramento, that he "shall not be

required to obtain letters of administration therefor, but may proceed to the performance of the same by virtue of his office." (Laws 1860, p. 105, sec. 3.) But it is also provided that before entering upon the duties of his office he shall execute a bond in a large sum of money (Laws 1861, p. 481), and shall take the usual oath of office. (See Hittell's. Gen. Laws, sec. 4735.) The person who assumed to sell the property involved here did neither of these things. It is found that in 1866 there was a vacancy in the office of public administrator, and that the board of supervisors appointed Joseph Hewitt to fill the same, but that he "did not qualify as such public administrator, in that he did not take or subscribe to any oath of office, and did not execute any bonds as such." It is further found that a public administrator was elected in 1868, but that Hewitt kept on with the estates which he had taken in charge, and in 1870 made the sale in question here.

It is not necessary to say that none of the acts of Hewitt can be sustained as acts of an officer *de facto.* But we think that a man who has not given the official bond required by law, and who is not even under the sanction of an oath of office, cannot be said to represent the interests of the minors within the meaning of the cases above cited, so as to raise the bar of the statute of limitations against them.

We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.