MARIA BRANDON, APPELLEE, v. JENS JENSEN, APPELLANT.

FILED OCTOBER 5, 1905. No. 13,900.

1. **Administrator's Sale.** The provisions of section 117, chapter 23, Compiled Statutes 1903, apply to irregular administrative sales, but not to sales that are absolutely void.

2. **Case Distinguished.** *Seward v. Didier*, 16 Neb. 58, examined and distinguished.

3. **Administrator's Sale: HOMESTEAD.** A homestead of less value than $2,000 cannot be disposed of at administrator's sale, either for the discharge of incumbrances thereon or for the payment of debts against the estate of the decedent, and a license granted by the district court purporting to authorize such a sale is absolutely void. *Tindall v. Peterson*, 71 Neb. 160, followed and approved.

APPEAL from the district court for Kearney county: ED L. ADAMS, JUDGE. *Affirmed.*

*J. L. McPheely,* for appellant.

*John C. Stevens, contra.*

OLDHAM, C.

The dispute involved in this action is of law and not of fact. The undisputed facts are: That on the 10th day of November, 1896, Warren Whitesel departed this life seized of 80 acres of land situated in Kearney county, Nebraska, of less value than $2,000, which he had occupied with his wife as a homestead for several years preceding his death. These lands were subject to a mortgage of $500 and interest. The deceased was the illegitimate son of Maria Brandon, the plaintiff in this cause of action, and died intestate, leaving a widow, Percilla Whitesel, but no children. The wife procured letters of administration on the estate, and claims of a general nature were allowed against the estate in the sum of about $700. On October 5, 1897, the administratrix applied to the district court for a license to sell the real property of the deceased to pay the indebtedness of the estate. The license was

granted, and the lands were sold on December 4, 1897, at public sale, and purchased by the mortgagee, Jens Jensen, who is the defendant in this suit. The sale was confirmed on the 7th day of December, 1897. On March 1, 1900, Percilla Whitesel departed this life, and on the 7th day of August, 1903, the plaintiff, Maria Brandon, the sole heir at law of Warren Whitesel, instituted this cause of action against the defendant to quiet her title to the premises owned by her son at his death, and to remove the cloud cast thereon by the administrator's sale and the deed issued pursuant thereto. Defendant, for answer, denied plaintiff's right to bring the action, and alleged that he was the owner of the premises under the purchase at the administrator's sale, and that the plaintiff was barred by the statute of limitations from maintaining the action, because more than five years had elapsed between the confirmation of the sale and the institution of the suit. On issues thus joined the court found in favor of the plaintiff, and entered a decree quieting her title to the premises in dispute. An accounting was taken of the amount due the defendant on the note and mortgage, and defendant was charged with the value of the rents and profits on the premises from the time of the death of Percilla Whitesel, and it was found that there was due the defendant on his mortgage the sum of $168, which was declared a first lien on the premises. There is no complaint as to the amounts found, if it is determined that the plaintiff had a right to recover.

The right of the mother to inherit the property of her illegitimate child, as fixed by our statute, is conceded. It is also recognized that, under our statute, the homestead selected from the husband's lands descends to *his* heirs after the death of his widow. So the only question to determine is whether or not plaintiff's action in the instant suit is barred by section 117, chapter 23, Compiled Statutes 1903 (Ann. St. 4982), which provides as follows: "No action for the recovery of any estate sold by an executor or administrator, under the provisions of this sub-

division, shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within five years next after the sale." It is contended by counsel for appellant that this section of the statute is an absolute bar against any action to set aside such sale, whether void or voidable. On the other hand, it is contended by counsel for the appellee that this section is only intended to aid irregular and voidable sales and can have no effect on a sale made by one having no authority or semblance thereof. The identical question, under a similar statute, has been twice before the supreme court of the state of Iowa for determination. It was first considered in the case of *Good v. Norley,* 28 Ia. 188, and the court at that time was divided in its opinion on the question. Beck, J., delivered a very able and exhaustive opinion holding that the statute could have no application to a sale that was absolutely void. Cole, J., concurred in this view. Dillon, C. J., was of the opinion that the statute applied to all sales. Wright, J., was of the opinion that, under the facts of the case considered, the sale sought to be set aside was not void. On this division of the court, a judgment of the lower court holding the action barred was sustained; but when the same question was considered by that court in the later case of *Boyles v. Boyles,* 37 Ia. 592, the court unanimously sustained the opinion of Justice Beck and held that the statute applied to irregular and voidable sales alone. This latter decision is supported by the holdings in *Staples v. Connor,* 79 Cal. 14, and *Chadbourne v. Rackliff,* 30 Me. 354, and has received the approval of such standard text writers as Freeman and Black. This question was discussed in this court by MAXWELL, J., in *Seward v. Didier,* 16 Neb. 64, and the language used would indicate that the writer of the opinion was favorably impressed with the language of Chief Justice Dillon in *Good v. Norley, supra.* The case under discussion, however, only presented questions involved in an irregular, rather than a void, sale, and as applicable to the case decided by this court, the quotation from the

opinion of Chief Justice Dillon was well chosen. But we think the suggestion that the statute "would be robbed of its virtue if it were confined to cases where the sale was valid, for such sales do not need the protection of the statute," was aptly met in the *contra* opinion by Beck, J., when he said:

"It is also said that 'it is the infirm and defective title, the one that could otherwise not stand the test of an action by the heir to recover, which was intended to be cured' by the statute. To this proposition I assent, and I have just pointed out that this kind of titles the statute is designed to aid. An 'infirm and defective title' is a very different thing, as we have just seen, from a void title. The first is a *title*, the second is *no title* at all. The first may grow into a perfect title, for it has the germ of life in it; the second can never become a title, for it wants the life, the essential element of a title."

The next question to consider is: Was the attempted sale of the homestead by the administratrix of the estate void, or merely a voidable proceeding? Freeman, Void Judicial Sales (4th ed.), sec. 35, says: "If, under the statute of a state, the homestead of a decedent does not come within the control of its probate courts, an administrator's sale thereof, though ordered and confirmed by the court, is an idle proceeding." Citing *Yarboro v. Brewster*, 38 Tex. 397; *Howe v. McGivern*, 25 Wis. 525; *Wehrle v. Wehrle*, 39 Ohio St. 365. The question of the right of an administrator to sell a homestead for the payment of the debts of his decedent in this state was determined in a very able opinion by my brother AMES, in the recent case of *Tindall v. Peterson*, 71 Neb. 160, wherein it was held, after a careful review of all the authorities:

"A homestead of less value than $2,000 cannot be disposed of at administrator's sale either for the discharge of incumbrances thereon, or for the payment of debts against the estate of the decedent, and a license granted by the district court, purporting to authorize such a sale, is absolutely void."

We are therefore of opinion that the sale of the homestead in the instant case was a void, and not a voidable, sale, and that the learned trial court was fully justified in holding that the action by the heir to recover the land was not barred by section 117, *supra.* We therefore recommend that the decree of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court:. For the reasons given in the foregoing opinion, the decree of the district court is

AFFIRMED.