IDA R. LYONS ET AL., APPELLANTS, V. SAMANTHA CARR ET AL., APPELLEES.

FILED DECEMBER 21, 1906. No. 14,579.

1. **Quieting Title:** LIMITATIONS. The statute of limitations commences to run against an action brought under the provisions of section 57, ch. 73, Comp. St., from the time the adverse claim attaches.

2. ——: ——. The fact that certain of the plaintiffs in such an
    action are minors, who claim title through descent, does not toll
    the statute, where it appears that the statute had commenced to
    run during the lifetime of their ancestors.

APPEAL from the district court for Dawson county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. D. Rhea* and *Billingsley & Greene,* for appellants.

*Warrington & Stewart* and *H. M. Sinclair, contra.*

JACKSON, C.

Joshua Emanuel died intestate in Dawson county on
April 6, 1887. He owned and occupied with his wife as a
homestead the land in controversy, which was of less value
than $2,000. The widow moved to the state of Michigan,
where she remarried, and is still living. The personal
property was insufficient to pay the debts and charges
allowed against the estate, and the administrator sold the
homestead under a license obtained in the district court
to George W. Benedict for the sum of $400, subject to a
mortgage indebtedness of $300. The sale was confirmed
September 23, 1890. Benedict deeded the land to R. D.
V. Carr, who paid the $400 purchase money bid by Bene-
dict at the administrator's sale. Both the administrator's
deed and the deed from Benedict were executed under date
of October 20, 1891, but the deed from Benedict to Carr
was not recorded until February 13, 1904, and the ad-
ministrator's deed until February 16, 1905. The prem-
ises have, since the sale to Carr, been occupied and con-
trolled by tenants of Carr and his grantees. Emanuel
left six children surviving him, two of whom were minors,
Samuel R., aged 18, and Catherine L., aged 17. Samuel
R. Carr died a bachelor in 1890, his mother and the five
remaining children of Joshua Emanuel inherited his in-
terest in the estate. A daughter, Sarah A. Crawford,
died April 6, 1896, leaving five minor children, who are of

the plaintiffs in this action. The homestead being of less value than $2,000, the sale by the administrator was void. *Tindall v. Peterson,* 71 Neb. 160. On April 24, 1905, the widow and surviving children of Joshua Emanuel, joining with the minor children of Sarah A. Crawford, instituted this action in the district court for Dawson county to quiet the title as against those claiming under the administrator's sale, and for an accounting of the rents and profits. The defense is the statute of limitations. The finding of the district court was for the defendants, and the plaintiffs appeal.

On behalf of the appellants it is insisted, first, that the case is to be governed by section 117, ch. 23, Comp. St., and the exceptions noted in the following section. That section of the statute, however, applies to irregular administrators' sales, but not to sales that are absolutely void. *Brandon v. Jensen,* 74 Neb. 569.

It is next contended that the statute of limitations against the action to quiet the title could not run against the children of Joshua Emanuel until the death of the widow, who held the life estate. The rule, however, under our statute is that an action to quiet the title to real estate may be maintained by the remainderman during the continuance of the particular estate. *Hall v. Hooper,* 47 Neb. 111. And the statute of limitations commences to run at the time the adverse claim attaches. *First Nat. Bank v. Pilger,* 78 Neb. 168. But it is said that, in any event, the statute could not run against the plaintiffs who are minors. They claim title, however, by inheritance from their mother, Sarah A. Crawford, and the statute of limitations had commenced to run against her during her lifetime, and neither her death nor the minority of her children could toll the statute. *Ballou v. Sherwood,* 32 Neb. 666.

In addition to the facts already recited, it appears from the record that R. D. V. Carr conveyed the premises by warranty deed to Lot G. Carr January 30, 1894, the deed having been recorded on February 9, 1894. It also ap-

pears that at least two of the children of Joshua Emanuel were residents of the county at the time the proceedings were instituted by the administrator to sell the land, and one of the children made an ineffectual effort to prevent the sale. These facts, together with the court proceedings, coupled with the possession of the real estate and the deed executed by R. D. V. Carr to Lot G. Carr, constituted notice of the adverse claim which attached more than ten years prior to the commencement of this action.

It follows that the decree of the district court was right, and we recommend that it be affirmed.

ALBERT, C., concurs.

DUFFIE, C., took no part in the decision.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.