GEORGE E. HIBNER, APPELLEE, v. JOHN A. WESTOVER, APPELLANT.

FILED JANUARY 5, 1907.   No. 14,608.

1. **Trial:** WITHDRAWAL OF INSTRUCTIONS. A court may recall its instructions to a jury at any time before a verdict is reached.

2. **Directing Verdict:** REVIEW: PRESUMPTIONS. It is not only within the power, but it is the duty, of a trial court, in a proper case, to direct a verdict; and, when it does, and the pleadings warrant the verdict, and the evidence is not preserved, it will be presumed that such power was properly exercised.

3. **Appeal:** INSTRUCTIONS. The rule to the effect that, in the absence of a bill of exceptions, it will be presumed that the instructions are based upon the evidence, has no application to instructions recalled before a verdict was reached.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*J. E. Philpott,* for appellant.

*H. J. Whitmore* and *G. E. Hibner, contra.*

ALBERT, C.

This is an appeal from a judgment rendered in a cause wherein the court, after the submission of the issues to the

jury, and after they had deliberated some time, withdrew the instructions given and peremptorily directed a verdict for the plaintiff.

Two assignments of error are now relied on by the defendant for a reversal of the judgment: (1) The withdrawal of the instructions upon which the issues were submitted to the jury; and (2) the direction of a verdict in favor of the plaintiff. As to the first, a court may recall its instructions at any time before a verdict has been reached. Hughes, Instructions to Juries, secs. 38-40; 2 Thompson, Trials, sec. 2363. As to the second, it is not only within the power, but it is the duty, of a court to direct a verdict in a proper case. What is a proper case depends upon the pleadings and the evidence. In this case the pleadings are amply sufficient to support the verdict, and the evidence does not accompany the record in the form of a bill of exceptions or otherwise. Error, therefore, does not affirmatively appear, and we must assume that the authority of the trial court to direct a verdict was properly exercised.

But the defendant invokes the rule that, where the evidence has not been preserved by bill of exceptions, the presumption is that the instructions which refer to the testimony are based upon and supported by the evidence, and contends that, as the instructions which were given and withdrawn, tested by that rule, show there was sufficient evidence to require the submission of the issues to the jury, it was error to direct a verdict. The rule invoked refers to instructions given and which guided the jury in reaching a verdict. It has no reference to instructions not given, or to instructions given but recalled before a verdict had been reached.

The judgment should be affirmed, and we so recommend.

JACKSON, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

.        AFFIRMED.