GEORGE W. HOLMES, APPELLANT, V. NANCY E. MASON
ET AL., APPELLEES.*

FILED JANUARY 8, 1908. No. 15,060.

1. **Homestead, Administrator's Sale of.** A homestead of less value
than $2,000 cannot be disposed of at administrator's sale, either
for the discharge of incumbrances thereon, or for the payment
of debts against the estate of the decedent; and a sale of the
homestead under a license granted by the district court pur-
porting to authorize such a sale is absolutely void.

2. **Limitation of Actions: SALE OF HOMESTEAD: SUIT BY HEIR.** The
provisions of section 117, ch. 23, Comp. St. 1907, apply to irregu-
lar administrative sales, but not to sales that are absolutely
void; and an action by an heir to quiet his title to the homestead
of his ancestor may be maintained at any time within ten years
after his right of action accrues, or the attainment of his
majority.

3. **Constitutional Law: HOMESTEAD ACT.** Section 17 of the act of Feb-
ruary 26, 1879 (laws 1879, p. 61), commonly called the "home-
stead law," does not conflict with the provisions of the constitu-
tion, and the act as a whole is a valid exercise of legislative
power.

APPEAL from the district court for Harlan county: ED
L. ADAMS, JUDGE. *Reversed in part.*

*Field, Ricketts & Ricketts,* for appellant.

*J. G. Thompson, contra.*

BARNES, J.

The plaintiff commenced this action in the district court
for Harlan county to quiet his title to the northwest quar-
ter of section 17, town 2, range 18, situated in said county.
The defendant Nancy E. Mason answered by way of
cross-petition, claiming a life estate therein, and prayed
for an accounting of the rents and profits, and for posses-
sion during the remainder of her natural life. The other
defendants filed cross-petitions, alleging ownership in fee,

* Rehearing denied. See opinion, p. 454, *post.*

subject to the life estate of their codefendant, and prayed for a decree quieting their title. The trial resulted in a judgment by which the plaintiff was given the life estate of the first-named defendant. The other defendants were adjudged to be the owners of the fee. Their title was quieted, and they were awarded possession after the extinguishment of the life estate. The plaintiff appealed, and presents, as we shall presently see, two main questions for our determination.

The facts established by the record, and which are not in dispute, may be briefly stated as follows: On or about the 29th day of October, 1881, William B. Mason died intestate in Harlan county. At that time he owned the premises above described in fee, subject to a mortgage of $300, together with other lands situated in said county. For many years prior to his death he, together with his wife and children (the defendants herein), had occupied the land in question as their homestead, and were so occupying it at that time. Shortly after his death the widow, the defendant Nancy E. Mason, was appointed administratrix of his estate; and in September, 1882, she applied to the district court for Harlan county for a license to sell all of the real estate of her intestate for the payment of his debts. License was granted, and in pursuance thereto, on or about the 14th day of April, 1883, she sold it all subject to the mortgages thereon, and took a bond from the purchasers conditioned for their payment. The sale was confirmed on the 11th day of June, 1883, and deeds were made to the purchasers. The land in controversy, the homestead above mentioned, was sold to one S. B. Turner, who took possession of it; and the plaintiff, George W. Holmes, now claims and holds the same by mesne conveyances. From the 11th day of June, 1883, until the 8th day of January, 1906, when this action was commenced, the plaintiff and his grantors held the open, notorious and undisputed possession of the premises under claim of title. At the time the license was granted and the sale made to

32

Turner, the homestead was worth less than $2,000. When this action was commenced, three of the defendants, Ida E. Rowley, Henry L. Mason and Effie I. Harroun, were more than ten years past their majority, while the other defendants, when their cross-petitions were filed, were a little less than ten years past that age.

The first question presented for our consideration is the effect of the statute of limitations as applied to the cross-actions of the defendants. Under this head, the plaintiff's first contention is that the bar of the statute was complete as to those defendants who were more than ten years past their majority when this action was commenced. Section 57, ch. 73, Comp. St. 1907, provides: "That an action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons who claim an adverse estate or interest therein, for the purpose of determining such estate or interest, and quieting the title to said real estate." By section 59 it is provided: "Any person or persons having an interest in remainder or reversion in real estate shall be entitled to all the rights and benefits of this act." The trial court having held that the plaintiff was the owner of the life estate of the defendant Nancy E. Mason, and no complaint having been made as to the correctness of that part of the decree, it follows that as against him a possessory action cannot now be maintained, and defendants were compelled to proceed, if at all, under the provisions of section 59 to have their remainder established and their title thereto quieted; and such is the form of their cross-actions. It is provided by section 6 of the code: "An action for the recovery of the title or possession of lands, tenements or hereditaments, can only be brought within ten years after the cause of such action shall have accrued."

The statute of limitations as to each of the several defendants commenced to run when he arrived at his majority. So as to the defendants who were more than ten

years past their majority at the time this action was commenced the bar of the statute of limitations was complete. Therefore so much of the decree of the trial court as granted any relief to those defendants was erroneous. As to them the action should have been dismissed, and the title to three-fifths of the land in controversy should have been quieted in the plaintiff. *Foree v. Stubbs,* 41 Neb. 271; *Hall v. Hooper,* 47 Neb. 111; *First Nat. Bank v. Pilger,* 78 Neb. 162; *Lyons v. Carr,* 77 Neb. 883; *Hobson v. Huxtable,* 79 Neb. 334.

As to the other defendants, plaintiff contends that as they were more than five years past their majority when they filed their cross-petitions their cross-actions were also barred by the provisions of section 117, ch. 23, Comp. St. 1907, which reads in part as follows: "No action for the recovery of any estate sold by an executor or administrator, under the provisions of this subdivision, shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within five years next after the sale." In view of our former decisions the plaintiff's contention on this point cannot be sustained. In *Brandon v. Jensen,* 74 Neb. 569, after an exhaustive review of the authorities, it was held: "The provisions of section 117, ch. 23, Comp. St. 1903, apply to irregular administrative sales, but not to sales that are absolutely void." We are satisfied with the reasoning of that case, and the rule there announced has since been followed and affirmed, in substance, in *First Nat. Bank v. Pilger* and *Lyon v. Carr, supra.* Plaintiff insists, however, that the sale in this case was not void, and attacks our former decisions on that question. He argues that the court was not without jurisdiction of the subject matter, and therefore the order granting the license to sell the homestead was not void, but was voidable only. In some of our former decisions it is said: "The order granting the license to sell the homestead was void for want of jurisdiction." This statement is vigorously assailed, and perhaps a more accurate expression should

have been used. It is true that the district court has juris-
diction of an action or application by an administrator
to sell the lands of his intestate for the payment of his
debts. But it is equally true that the sale of the home-
stead of a deceased person for that purpose is positively
inhibited by statute; and so, while the court has jurisdic-
tion of the subject matter, it has no jurisdiction over the
homestead, and therefore it has no power to order its sale
for that purpose, and such a sale is therefore absolutely
void. *Tindall v. Peterson*, 71 Neb. 160; *Bixby v. Jewell*,
72 Neb. 755; *Hall v. Cooper, First Nat. Bank v. Pilger,
Lyons v. Carr*, and *Brandon v. Jensen, supra.* It follows
that the sale of the land in question by the administratrix
was void.

By the terms of section 17 of the homestead act (laws
1879, p. 61) the land in question descended in fee, on the
death of the intestate, to his children, subject to a life
estate in his widow; and their right of action was not
barred until the expiration of ten years from the attain-
ment of their majority. So the decree of the trial court
in favor of the defendants Henry L. Mason and Lester H.
Mason, quieting their title to two-fifths of the land in
question, was right and should be affirmed.

Finally, plaintiff insists that the judgment below should
be reversed as to all of the defendants, except Nancy E.
Mason, because section 17 of the homestead law is uncon-
stitutional. His contentions are, in substance, first, that
the provisions of that section relate to a subject wholly
different from the one considered in the rest of the act,
and are not clearly expressed in the title; second, that its
provisions operate as an amendment to sections 30 and 67,
ch. 23, Comp. St. 1905, and do not contain a repeal of
the sections so amended; third, that the act is class legis-
lation and is therefore unconstitutional.

The argument on the first proposition is that the first
16 sections of the homestead act relate to defining, trans-
ferring, selecting and preserving homesteads for heads of
families, and defining who are such; that section 17 re-

lates exclusively to the descent of homesteads, and is in conflict with the provisions of section 30, ch. 23, Comp. St. 1905, in that it exempts them from liability for the debts of the decedent, while his other property is subject to their payment. These questions will be disposed of in the order above stated. The title to the act of February 26, 1879, commonly called the "homestead act," is as follows: "To provide for the selection and disposition of homesteads, and to exempt the same from judgment liens, and from attachment, levy, or sale, upon execution or other process." Laws 1879, p. 57. This in itself is a complete answer to the plaintiff's argument. It is the *disposition* of the homestead upon the death of the owner that the plaintiff complains of in this case, and it is apparent that the title to the act is broad enough to cover that subject.

Plaintiff's second contention on this point must also fail. The act in question is a special statute covering the whole subject of homestead, and is complete in itself. It takes that special subject out of the provisions of the general statute of descent without amending that statute, and according to our former decisions on this point is not unconstitutional.

Lastly, the act in question is not class legislation. It operates upon persons uniformly throughout the state, and therefore is not unconstitutional. The act exempts homesteads from forced sale to pay the debts of the head of the family, and is "a beneficent provision for the protection and maintenance of the wife and children against the neglect and improvidence of the father and husband." It is designed to protect citizens and their families from the miseries and dangers of destitution. It is an enlightened policy, looking to the general welfare, as well as to that of the individual citizen. It is a statutory right purely, created for the benefit of the debtor and his family. The levy and sale of a debtor's land and tenements have always been regulated by statute. At the common law the creditor had no right to sell the debtor's land. He could only sequester its rents and profits for the payment

of his judgment. Hence, it is clearly within the power of the legislature to exempt a reasonable portion of the debtor's lands from levy and sale upon execution, attachment or other process, for the protection of his family; and such legislation does not, conflict with our constitution. Indeed, such legislation has been upheld and commended by the courts of last resort in all of the states of the Union having constitutional provisions like our own. And so we are of opinion that the act in question as a whole is valid, and is a proper exercise of legislative power. Again, the homestead act has been in force in this state for nearly 30 years. All of its provisions have been frequently upheld by our courts, whose numerous decisions have become a rule of property, and we see no reason to depart from them at this time.

For the foregoing reasons, so much of the judgment of the trial court as granted any relief to the defendants, Ida E. Rowley, Henry L. Mason and Effie I. Harroun, is reversed. In all other things it is affirmed; and the case is remanded to the district court, with directions to enter a decree in accordance with this opinion.

JUDGMENT ACCORDINGLY.

The following opinion on motion for rehearing was filed March 19, 1908. *Rehearing denied:*

PER CURIAM.

In the opinion it is said: "While the court has jurisdiction of the subject matter, it has no jurisdiction over the homestead, and therefore it has no power to order its sale for that purpose, and such a sale is therefore absolutely void." The main point made in the argument on motion for rehearing is that "a judgment cannot be attacked collaterally where the court has jurisdiction of the parties and the subject matter." A number of authorities from this court are cited to sustain this proposition. The language of the opinion quoted is hardly correct. The court has jurisdiction of the subject of administrator's

sales of real estate to pay debts; but, strictly speaking, it has no jurisdiction of the subject matter, that is, the matter or thing which it is desired to reach by legal proceedings, i. e., the homestead. The subject matter is defined by Black as "the thing in controversy." The language used in the opinion as to this point is not strictly accurate, but the reasons given for the conclusion seem to be satisfactory and the result is correct.

The motion for rehearing is therefore

OVERRULED.