LESTER HARLAN MASON, APPELLEE, v. IDA E. ROWLEY
ET AL., APPELLANTS.

FILED MARCH 24, 1911. No. 16,993.

Judgment: CONCLUSIVENESS. A judgment of the district court, having jurisdiction of the subject matter and all of the necessary parties in an action to quiet title, and from which no appeal has been taken, is binding and conclusive as to the rights of the same parties in a subsequent proceeding by which it is sought to partition the land in question in such former action.

54

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. G. Thompson* and *W. J. Furse,* for appellants.

*Field, Ricketts '& Ricketts, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Harlan county in a partition suit confirming shares in, and directing sale of, a quarter section of land situated in that county. The action was commenced by Lester Harlan Mason against George W. Holmes, who was in possession, and all others who have or claim to have an interest in the premises. By the judgment, of which complaint is made, it was declared that the plaintiff and William G. Mason were each the owners in fee simple of an undivided one-fifth of the land in question, subject to an estate for life of the defendant Nancy E. Mason; that the defendant Holmes was the owner in fee simple of an undivided three-fifths of said real estate, subject to the life estate aforesaid, of which he was also the owner; that the defendant James G. Thompson has a lien on the undivided one-half of whatever interest the Mason heirs may have or receive; that the plaintiff was entitled to the partition of the premises; and one Thomas W. Carroll was appointed referee to make such partition. All of the defendants except George W. Holmes and wife excepted to the decree, and have prosecuted this appeal. The only question presented for our determination is: Have the defendants Ida E. Rowley, Henry L. Mason and Effie I. Harroun each an undivided one-fifth interest in the land in question, subject to the life estate above mentioned.

It appears that in 1881 one William B. Mason, a resident of Harlan county, died, leaving a widow and five children, of which the last above named were three. At the time of his death he, with his family, occupied the

land in question herein as a homestead.  Early in 1883 the widow, as administratrix, pursuant to a license obtained from the district court for that county, sold the land to pay the debts of the decedent's estate, and she and the several heirs, then minors, surrendered possession thereof to the purchaser.  Defendant Holmes, by mesne conveyances, holds under the purchaser at ᵥthat sale, and he and his grantors have held possession thereunder claiming title from 1883 until 1906, when defendant Holmes brought suit against the several parties to quiet his title as against the widow and the heirs of William Mason, who are the defendants in this case.  The five Mason heirs answered, alleging the homestead character of the land, and prayed that they might be decreed to be the sole owners thereof, subject to the life estate of Nancy E. Mason, and that their title thereto be quieted and confirmed in them.  Nancy E. Mason answered and claimed an estate in the premises for life.  The trial court in that action found for all of the defendants, except the widow.  An appeal was taken to this court, where it was held that so much of the decree of the trial court as granted any relief to the defendants Rowley, Henry L. Mason and Effie I. Harroun was erroneous; that as to them the action should have been dismissed, and the title to three-fifths of the land in controversy should have been quieted in the plaintiff Holmes.  Thereupon, the cause was remanded, with directions to the trial court to enter a judgment in accordance with the opinion.  See *Holmes v. Mason,* 80 Neb. 448.

When that cause again came on for hearing before the district court upon the mandate, that court rendered judgment therein as follows:  "This cause coming on to be heard upon this .... day of ........., 1908, on the mandate of the supreme court, and the court being fully advised in the premises, and it being made to appear from the mandate that the decree of this court as to the defendants Nancy E. Mason, Lester Harlan Mason and William G. Mason was in all things affirmed, and as to the defend-

ants Ida E. Rowley, H. L. Mason, and Effie I. Harroun the decree of the court was reversed, with costs, in favor of the plaintiff, and said cause was remanded, with directions to enter decree in accordance with the opinion of the supreme court. It is therefore ordered, adjudged and decreed that an undivided two-fifths of the northwest quarter of section seventeen (17), township two (2), north of range eighteen (18), west of the 6th P. M., be and the same hereby is quieted and settled in the defendants Lester Harlan Mason, and William G. Mason, subject to an estate therein in the plaintiff, George W. Holmes, for the life of the defendant, Nancy E. Mason, and subject to the right of J. G. Thompson, as his interest appears under contracts with said defendants. And it is further adjudged and decreed that the plaintiff is entitled to the exclusive use and enjoyment of the land above described to the exclusion of all of the defendants during the life of the defendant Nancy E. Mason, and that the title to an undivided three-fifths of the above described premises be and the same hereby is quieted in the plaintiff George W. Holmes, as against all the defendants, and that plaintiff recover costs of the supreme court, as against the defendants, Ida E. Rowley, Henry L. Mason and Effie I. Harroun, and that in this court each party pay his or her own costs."

To that judgment no exceptions were taken. and it was approved as to form and substance by counsel for both parties. No appeal was prosecuted therefrom and no motion was ever made to modify it in any respect. That judgment responds to the issues made by the pleadings, for in that action the only issue between Holmes, on the one hand, and Rowley, Harroun and Henry L. Mason, on the other, was, who was the owner of the fee title to the land in question, subject to the use of the premises for the life of Nancy E. Mason. That court had jurisdiction to try the title to the land in question, subject to the interest of the life tenant, and it expressly quieted and settled three-fifths of that title in George W. Holmes as

against Rowley, Harroun and Henry L. Mason. That was all the interest claimed by the defendants last named in that action. The parties to that suit and those in the instant case were the same, and the judgment there rendered is binding and conclusive upon all of them. Therefore by the adjudication of a court of general jurisdiction three-fifths of the remainder in fee of the land in question herein was quieted and settled, and is now in the defendant George W. Holmes as against Rowley, Harroun and Henry L. Mason. To say that those parties had any interest in the land when the present partition suit was commenced is to ignore that judgment. If Rowley, Harroun and Henry L. Mason had no interest in the property when this action was commenced, they were not necessary parties to this suit. They no longer had any share in the property; they had no interest in the title; and therefore the decree of the district court in this case was correct. In fact, it was the only judgment which that court could have lawfully rendered.

This view of the matter renders a decision of any of the other questions presented by counsel for the appellants wholly a work of supererogation. The judgment of the district court was right, and is

AFFIRMED.

FAWCETT, J., not sitting.