Dennis Keleher, appellee, v. Mary Keleher Kelly et
al., appellants.

Filed April 24, 1911. No. 16,404.

1. **Tenancy in Common:** Adverse Possession: Limitations. The
statute of limitations will begin to run in favor of a cotenant in
possession claiming title in himself to the entire estate as against
the ·other cotenants, as soon as knowledge of the fact that he is
in possession asserting that he owns the entire estate, hostile
and adverse to any claim of right in them, is clearly brought
home to them.

2. **Limitation of Actions:** Rights of Heirs. Where the right to
bring an action to recover land is barred by the statute of limita-
tions during the lifetime of one claiming title to the same, the
right of his heirs is also barred.

Appeal from the district court for Lancaster county:
Albert J. Cornish, Judge. *Affirmed.*

*T. J. Doyle* and *G. L. De Lacy,* for appellants.

*L. C. Burr* and *C. C. Marlay, contra.*

Letton, J.

Margaret Keleher died intestate in 1881, in Lancaster
county, Nebraska, leaving children surviving her as fol-
lows: Dennis Keleher, the plaintiff; Patrick Keleher, the
father of defendants Keleher; Michael Keleher, who af-
terwards died unmarried and intestate; and Mary Bras-
sel, now deceased, the mother of defendants Brassel. At
the time of her death Margaret Keleher owned a home-
stead of 80 acres of land in the same county. Adminis-
tration was had of the estate the plaintiff being appointed
administrator. In the administration proceedings it be-
came necessary to sell the real estate to pay the debts of
the deceased. Application was made to the district court,
a license was issued and the land sold to one Malone.
Immediately afterwards Malone conveyed the premises to

plaintiff. This deed was placed on record on December 2, 1882. In September, 1884, Patrick Keleher and Mary Brassel began an action in the district court for Lancaster county against the plaintiff, Mike Keleher, and James Malone, alleging that each of the plaintiffs was the owner of an undivided one-fourth interest in the premises, and specifically pleading the invalidity of the proceedings whereby the plaintiff acquired the alleged title to the premises. This action was afterwards dismissed for failure to give security for costs. Patrick Keleher died in 1905. Plaintiff has been in the actual, open, and notorious possession of the land claiming title to the entire estate ever since his deed from Malone was placed upon record in December, 1882. He has paid the taxes accruing, and has made some slight improvements.

This action was brought by him to quiet his title. Those of the defendants who are the heirs of Patrick Keleher filed an answer and cross-petition, alleging the invalidity of the administration proceedings; that their father was the owner of an undivided one-third interest in the land, and praying that this interest may be quieted in them. The Brassel heirs filed no answer.

That Patrick Keleher and Mary Brassel knew in 1884 that the plaintiff was claiming the entire title to the land as against them, and each of them, and that he was in actual possession of the same, is shown by the fact that they began an action against him, alleging these facts. For 20 years after they had this knowledge, they left the plaintiff in quiet and undisturbed possession. The doctrine of cotenancy has no application where one cotenant virtually ousts the others and actively asserts a hostile title in himself of which they have full notice. The right of action of Patrick Keleher, through whom defendants claim title, had been barred by the statute of limitations for more than 10 years before he died. This was an effectual bar as against any cause of action on their part. *Ballou v. Sherwood,* 32 Neb. 666; *Lyons v. Carr,* 77 Neb. 883.

The judgment of the district court is clearly right, and it is therefore

AFFIRMED.

SEDGWICK, J., not sitting.