Jane CHAMPAGNE and Laurier Fortin

v.

Louise FORTIN.

Supreme Judicial Court of Maine.

June 13, 1979.

Fales & Fales, P. A., by Roscoe H. Fales (orally), Lewiston, for plaintiff.

Craig E. Turner, South Paris, David W. Austin (orally), Rumford, for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Emile Fortin died testate on March 3, 1977, leaving one-third of his estate to his surviving widow, appellant Louise Fortin. Included in the estate was the Fortin residence, consisting of two parcels of land with a building. Appellant continues to reside there. Emile Fortin's will was probated on May 17, 1977. Appellees Jane Champagne and Laurier Fortin were appointed co-executors of the estate. Appellees obtained a license to sell real estate from the Probate Court on August 22, 1977, and later brought an action of forcible entry and detainer in the District Court under 14 M.R.S.A. ch. 709. Judgment was ordered in favor of the plaintiffs, and defendant Louise Fortin appealed to the Superior Court. Appellees filed a motion to dismiss which was granted by the presiding justice of the Superior Court. From that judgment Louise Fortin appeals. We sustain the appeal.

██ Absent some testamentary provision to the contrary, title to real estate in Maine does not pass to an executor under a will.

"Title to real estate becomes vested on the death of the owner in his heirs or devisees subject only to the right of the personal representative, when authorized by the court, to use it to pay creditors in case the personal estate is insufficient to pay the debts of the estate and expenses of administration." *Bourgeois v. Sprague*, Me., 358 A.2d 521, 522 (1976).

██ An executor may sell real estate to pay the debts of the estate if he has obtained a license to sell real estate from the Probate Court, as provided by chapter 221 of title 18. We do not understand the appellees to argue that the granting of a license to sell real estate by the Probate Court is itself effective to convey title, nor could such an argument be seriously advanced. The statutory scheme makes clear that the holder of a license to sell real estate has only the power to convey title and that title does not actually pass until the formalities of sale are complied with. For example, 18 M.R.S.A. § 2059 (1964) provides in pertinent part:

"Lands of which the deceased died seized in fee simple or fee tail, general or special, and all that he had fraudulently conveyed or of which he was colorably disseized to defraud creditors are liable to sale for payment of debts, under any license granted under this chapter. Any deed, executed and recorded in due form of law, for adequate consideration, in pursuance of such license, is effectual to pass to the purchaser all the estate, right, title and interest in the granted premises which the deceased had therein, free from the right of descent of the widow or widower. . . ."

The argument of the appellees is that, even if the licensee has only the power to transfer title, a right to possession of the realty is necessarily implied in the granting of the license to sell. Appellees concede that, absent a right to possession, they cannot maintain process of forcible entry and detainer. *See Brown v. Strickland*, 32 Me. 174 (1850).

Appellees first cite 18 M.R.S.A. § 2206 (1964) in support of their argument of implication by necessity.[1] We do not see its relevance. Section 2206 does not refer to the powers possessed by the holder of a license to sell real estate. Rather, it simply provides that when real estate has been sold by virtue of a license, the surplus proceeds shall be treated as real estate. Appellees

---

1. Section 2206 provides:

"In all sales of real estate or any part or interest therein, by virtue of licenses granted under this chapter, the surplus proceeds of sale, remaining on final settlement of the accounts of such proceeds, shall be considered real estate and distributed among the same persons and in the same proportions as real estate would be."

do not rely on any other section of chapter 221. Instead, they quote 33 C.J.S. *Executors and Administrators* § 257 (1942).

"Under statute, in a number of jurisdictions, the personal representative has the right or duty under certain circumstances . . . to take possession of the realty . . . ."

Review of the cases cited for that proposition discloses that the quoted passage relates only to the executor's power to take possession under express statutory authorization and has no application to administration of estates under the existing Maine law.

Appellees also contend that a right to possession is implicit in the granting of a license to sell because without a right to possession "the license is a nullity because it is impossible to sell premises of which the seller cannot have possession." We do not agree with that contention. Although possession of property might facilitate its sale, it is not impossible to sell property which is in the possession of another. If the possessor unduly restricts access to the property or otherwise unreasonably interferes, the proper remedy is to obtain an injunction from the Probate Court, which has ample authority to protect its own orders under 4 M.R.S.A. §§ 251, 252 (1979). *See In re Wolpert's Estate,* 227 N.Y.S.2d 550 (Sur.Ct.1962).

Appellees are unable to cite any Maine authority in support of their contention that a right to possession is necessarily implied in the granting of a license to sell real estate. Although the precise point has not been decided, appellees' position is not consistent with *Chadbourne v. Rackliff,* 30 Me. 354 (1849), in which this Court held that the granting of a license to sell real estate to an administrator *de bonis non* did not prevent the decedent's heirs from recovering possession under a writ of entry.

Appellees suggest no other grounds for concluding that the legislature intended the holders of a license to sell real estate to be entitled to possession of the realty. In such a case, the applicable rule of statutory construction is as stated in *In re Belgrade Shores, Inc.,* Me., 359 A.2d 59, 63 (1976):

"Where there is no manifest legislative intent contrariwise, statutes must be read according to the natural import of the terms used without resorting to the subtle and forced constructions for the purpose of either limiting, or extending their operation."

We conclude that a right to possession is not implied in the granting of a license to sell real estate. Therefore, the holders of such a license may not maintain an action of forcible entry and detainer.

In view of the result reached, it is not necessary to consider appellant's contention that a writ of possession was improperly issued because the appellees failed to provide surety in compliance with 14 M.R.S.A. § 6009 (1964).

The entry is:

Appeal sustained.

Judgment of the Superior Court vacated, with instruction to reverse the judgment of the District Court and order judgment for the defendant.

McKUSICK, C. J., and POMEROY, J., did not sit.