CONCORD GENERAL MUTUAL
INSURANCE COMPANY

v.

PATRONS–OXFORD MUTUAL
INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Feb. 25, 1980.

Berman, Berman & Simmons, P.A., Gary Goldberg (orally), Lewiston, for plaintiff.

Kurtz & Myers by Douglas M. Myers (orally), South Paris, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

NICHOLS, Justice.

On this appeal we are called upon to interpret the meaning of the "other insurance" clause in the standard fire insurance policy, 24–A M.R.S.A. § 3002.[1]

The Plaintiff, Concord General Mutual Insurance Company instituted this suit in Superior Court, Androscoggin County, seeking contribution from the Defendant, Patrons-Oxford Mutual Insurance Company, on a $22,500 fire loss claim which, after a November, 1977, fire destroyed a residence in Lincoln, Maine, Concord General had paid in full. When both parties moved for summary judgment, pursuant to Rule 56, M.R.Civ.P., the Superior Court found that the Patrons-Oxford policy contained no endorsement under § 3002 prohibiting or limiting other insurance, and entered judgment for Concord General in the amount of $11,250, or one-half the amount of the claim paid. From that judgment Patrons-Oxford seasonably appealed.

We affirm the judgment of the Superior Court.

The central question before us is whether a provision in the Defendant's fire insurance policy prohibiting other insurance constitutes an "endorsement attached" under 24–A M.R.S.A. § 3002. A second question we must consider is whether the Superior Court, in granting summary judgment for the Plaintiff, properly apportioned the loss between the two insurance companies.

In September, 1976, Patrons-Oxford issued a homeowner's policy to Nelson Pelkey, which included fire insurance coverage on Pelkey's buildings in Lincoln, Maine. The policy provided for renewable 6-month terms subject to written notice of cancellation for non-payment of premiums. The policy also contained the following "other insurance" clause:

---

1. The clause provides:

   Other insurance may be prohibited or the amount of insurance may be limited *by en-* *dorsement attached hereto.* (emphasis added).

OTHER INSURANCE: Other insurance covering the described dwelling building (except insurance against perils not covered by this policy) is not permitted.

Pelkey paid the premiums for a period ending September 15, 1977.

On September 19, 1977, Pelkey purchased a homeowner's policy from Concord General. The fire insurance coverage on the Lincoln, Maine, premises was very similar to that provided by Patrons-Oxford's policy, but Concord General's premiums were slightly less. The clause prohibiting "other insurance" in the Concord General policy was identical to that in the Patrons-Oxford policy.

On November 6, 1977, the insured premises were damaged by fire. Concord General paid Pelkey for the entire $22,500 loss, and obtained from him an assignment of his rights for further claims on the loss.

As Pelkey's assignee, Concord General brought this action against Patrons-Oxford, seeking full recovery or contribution on the Patrons-Oxford policy.[2] Patrons-Oxford moved for summary judgment, claiming that when Pelkey purchased the Concord General policy in violation of the "other insurance" provision of its policy, its obligations under the contract were voided.

The Superior Court denied the Defendant's motion and granted Concord General's subsequent motion for summary judgment, ruling that whereas the "other insurance" clause was a part of the "body" of the Patrons-Oxford policy, it could not constitute an "endorsement attached" under § 3002. Since the "other insurance" clause was thus "ineffectual" to prohibit the insured from purchasing additional insurance on his home,[3] the presiding justice looked to the apportionment provisions of the two insurance contracts and, in accordance therewith, equally apportioned the loss between the two insurance companies.

Patrons-Oxford assigns as error the presiding justice's ruling that "the [§ 3002] requirement of an endorsement is not satisfied by reference in the body of the policy to other insurance." The Defendant posits a general definition of an "endorsement" as any incidental or subsidiary provision which changes the terms of a standard policy. The contention is that a § 3002 "other insurance" endorsement need not be physically separated from the rest of the policy.

### I.

Every fire insurance policy issued by an insurer in this State must minimally contain all the provisions of the standard fire policy found at 24–A M.R.S.A. § 3002. That statute provides that a fire insurance policy shall consist of the statutory provisions "together with such other provisions, stipulations and agreements as may be added hereto, *as provided in this [standard] policy.*" (emphasis added). Any addition to the standard fire policy language must be made according to the specific requirements of the standard policy "in writing added [t]hereto." The standard policy states specifically the method or methods which may be used to add a provision. For instance, it provides that any additional peril to be insured against "shall be by endorsement *in writing hereon or added hereto.*" (emphasis added). In contrast, the "other insurance" section of the standard policy provides,

Other insurance may be prohibited or the amount of insurance may be limited by endorsement *attached hereto.* (emphasis added).

Comparing these two provisions, we see that the Legislature envisioned that an "endorsement" could be added by writing directly on the policy rather than on a separate paper. The requirement of an endorsement for other perils could be satisfied, therefore, by reference in the body of the policy.

**2.** The record indicates that the Patrons-Oxford policy was not cancelled by written notice prior to time of the fire.

**3.** The Concord General policy was identical to the Patrons-Oxford policy in all relevant respects. The presiding justice's ruling concerning the Patrons-Oxford policy rendered ineffective as well the "other insurance" provision of Concord General's policy.

■ On the other hand, the standard policy specifically calls for an endorsement in the nature of an attachment when an insurer desires to prohibit or limit other insurance. The language is clear and unambiguous. In construing a statute our duty is to give effect to the intent of the Legislature as evidenced by the language of the statute. If the meaning of the language is plain, we must interpret the statute to mean exactly what it says. *Appeal of Davis*, Me., 369 A.2d 628, 629 (1977); *Ballard v. Edgar*, Me., 268 A.2d 884, 885 (1970); *Sweeney v. Dahl*, 140 Me. 133, 140, 34 A.2d 673, 676, 151 A.L.R. 356, 361 (1943). We agree with the Superior Court that the requirement of an endorsement regarding other insurance is *not* satisfied by written reference thereto in the body of the policy, but must be by separate "attachment" to the policy.

■ Where the words of a statute are clear and unambiguous, they should be strictly construed, and we need not look beyond them to the purpose of the legislation. *Ballard v. Edgar, supra* at 885. Nevertheless, the beneficial effect of this legislation requiring a completely separate endorsement is quite apparent.[4] The misleading design of the Defendant's insurance policy here illustrates how noncompliance with the separate endorsement requirement could lead an unwary insured into a trap in which he finds himself with no property insurance.

Page 2 of the main body of the Defendant's fire insurance policy contains the statutorily mandated standard fire insurance policy language of 24 M.R.S.A. § 3002. On that page is the provision which advises the insured that "other insurance may be prohibited . . . by *endorsement attached hereto*." (emphasis added).

At the top of Page 3, in boldface type is the direction:

**ATTACH FORM AND ENDORSEMENTS (IF ANY) HERE**[5]

No endorsements or forms were attached to the policy at that point. This circumstance alone could have led the insured to believe that other insurance was not prohibited.

In addition, further down Page 3 we find an "apportionment" provision describing how a loss occasioned by fire is to be prorated in the event that there is other insurance. This provision clearly suggests that other insurance is not only permissible, but that it is anticipated.

Finally, even had the insured known that the "apportionment" provision could be displaced by an "endorsement attached" prohibiting other insurance, he would not have found that superseding provision in the logical place, i. e., among the pages that actually were attached to the body of the policy and were specifically entitled "change *endorsement*," "additional policy conditions mandatory *endorsement*," "amendatory cancellation and nonrenewal *endorsement*" and "optional renewal plan *endorsement*" (emphases added). Rather, the insured would have had to know that the "other insurance" prohibition provision was not included with the other attached endorsements, but was to be found on Page 4 of the main policy, typed in the same typeface as twenty-three other "General Conditions," and included within a section entitled "Conditions Applicable Only to Section 1."

■ We conclude that the presiding justice correctly interpreted the plain meaning of § 3002 to require that a provision prohibiting or limiting other insurance be made by endorsement separate from, but attached to, the body of the insurance policy.

## II

Having properly found that Patrons-Oxford's insurance policy did not effectively

---

4. The presiding justice, in ruling against Patrons-Oxford, wrote:

   A likely reason for requiring the prohibition or limitation to be by endorsement is to assure that the policy-holder be clearly and specifically placed on notice that the purchase of additional insurance on the same premises might very well cancel or nullify his existing coverage. If it were included in the body of the policy, such a provision would not be clearly and specifically brought to the attention of the insured.

5. Emphasis added.

prohibit the insured from maintaining or purchasing additional insurance on his home,[6] the Superior Court ordered Patrons-Oxford to contribute to Concord General $11,250, or one-half the total loss.

 Looking to the general coverage under each policy, we see that the "General Conditions" sections of both the Concord General and the Patrons-Oxford policies contained identical provisions for apportionment of a fire loss covered by more than one insurer.[7] The amount of fire insurance coverage under each policy was the same. Under the terms of the apportionment clauses, therefore, the proportion of each company's obligation was 1:2, or one-half the total loss.[8]

There being no error in the judgment of the Superior Court, the entry shall be:

Appeal denied.

Judgment affirmed.

POMEROY and ARCHIBALD, JJ., did not sit.

---

6. The provision in the Concord-General policy being identical to that in the Patrons-Oxford policy, we must conclude that neither party prohibited other insurance.

7. In each policy the provision is:
   6. APPORTIONMENT SECTION 1:
   a. Loss by fire or other perils . . . . This Company shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than:
   (1) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder; nor
   (2) for a greater proportion of any loss than the amount hereby insured bears to all insurance, whether collectible or not, covering in any manner such loss or which would have covered such loss except for the existence of this insurance.

8. Whereas the insurance policies themselves provided for the proration of the loss, we have no occasion to apply the rule of equal apportionment adopted in *Carriers Insurance Company v. American Insurance Company, Inc.*, Me., 404 A.2d 216 (1979). The result under the rule of *Carriers* would have been the same.