Robert A. SOUCY, Norman Poulin, Lucien H. Longtin, Laurent Veilleux, Roy Perham and Gerald Gagne

v.

**BOARD OF TRUSTEES OF the MAINE STATE RETIREMENT SYSTEM and the City of Lewiston.**

Supreme Judicial Court of Maine.

Argued Jan. 12, 1983.

Decided March 8, 1983.

Berman, Simmons, Laskoff & Goldberg, P.A., Jeffrey Rosenblatt (orally), William D. Robitzek, Gary Goldberg, Lewiston, for plaintiffs.

Paul F. Macri, Asst. Atty. Gen. (orally), Augusta, for Bd. of Trustees.

Skelton, Taintor & Abbott, Frederick G. Taintor, Steven F. Wright (orally), Lewiston, for City of Lewiston.

Before McKUSICK, C.J., and GODFREY, ROBERTS, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

The plaintiffs, six retired Lewiston Police Officers, appeal from an order of the Superior Court (Androscoggin County) affirming a decision of the Board of Trustees of the Maine State Retirement System (the Board) concerning the computation of plaintiffs' retirement benefits.[1] Plaintiffs contend that the Board erred in its interpretation of those statutory provisions that prescribe the method of computing retirement benefits, and that the Board's method of computation impairs contractual rights in violation of article I, § 11 of the Maine Constitution

and article I, § 10 of the United States Constitution. We sustain the appeal, but do so on the basis of statutory construction rather than on the basis of constitutional doctrine.

The plaintiffs are retired Lewiston police officers. Each officer was employed by the City of Lewiston for a period of years prior to July 1, 1977, the effective date of changes in the retirement system. The officers continued to be employed after July 1, 1977, and retired between September 15, 1979 and October 25, 1980. The officers' salaries, which are used in calculating the size of retirement benefits, increased in the period between July 1, 1977 and their respective retirement dates.

Prior to amendment in 1975, 5 M.R.S.A. § 1092(3) provided that retirement benefits for policemen and firemen under the Maine State Retirement System were to be calculated based upon "the annual rate of salary being paid such individuals at point of retirement or the gross amount earned in the immediately preceding 12 months, whichever is greater." In 1975, the legislature amended the retirement system to provide that an employee's benefits be calculated on the basis of the average annual rate of compensation for the three years in which compensation was highest. 5 M.R.S.A. §§ 1001(3), 1092(3).

Since an employee's salary is often highest in his final year of employment, the change in the retirement system created the possibility that some employees' retirement benefits would be less if calculated under the new system than if calculated under the previous system. To soften the impact of this change, the legislature enacted P.L.1975, ch. 622, § 66 which delayed the effective date of the change in method of computation until July 1, 1977, and attempted to prevent any diminution of previously accrued rights by providing that that portion of retirement benefits correspond-

---

1. This appeal pertains to docket number CV–80–300, brought in the Superior Court, Androscoggin County, on behalf of officers Soucy, Poulin, Longtin and Veilleux, and docket number CV–82–39, brought in the Superior Court, Androscoggin County, on behalf of officers Perham and Gagne. These actions were consolidated in the Court below.

ing to employment served prior to July 1, 1977 be calculated under the earlier system.

The provision at issue, section 66, states in pertinent part:

> [A]ny part of a retirement allowance based on creditable service and earnable compensation paid prior to July 1, 1977 that would be higher if determined, on a pro rata basis, under the provisions of chapter 101 [5 M.R.S.A. § 1001 et seq.] in effect immediately prior to July 1, 1977, shall be so determined.

P.L.1975, ch. 622, as amended by P.L.1975, ch. 742, §§ 4, 6. The dispute between the parties centers upon the meaning to be given to the clause that requires benefits to be determined, "under the provisions of chapter 101 in effect immediately prior to July 1, 1977." The applicable provision of chapter 101 in effect immediately prior to July 1, 1977 [5 M.R.S.A. § 1092(3)] stated that retirement benefits were to be calculated based upon the employee's annual rate of salary at the time of retirement, or upon the gross amount earned in the twelve months preceding retirement, whichever was greater.

The Board contends that the relevant twelve month period should be the period immediately preceding July 1, 1977, not the period immediately prior to retirement. The plaintiffs, on the other hand, whose salaries increased between July 1, 1977 and the time of their retirement, contend that the period to be used as a base for computation should be the twelve month period immediately prior to retirement. We adopt the interpretation urged by the plaintiffs.

■ Although this Court will not lightly disregard the interpretation given a statute by those charged with its administration, an administrative construction of a statute is not conclusive upon this Court. *Stewart v. Inhabitants of Town of Durham,* 451 A.2d 308, 310 (Me.1982); *State v. York Utilities Co.,* 142 Me. 40, 44, 45 A.2d 634, 635–36 (1946). In determining the meaning of a statute, this Court must look first to the language of the statute itself. *See Concord General Mutual Insurance Co. v. Pa-* *trons-Oxford Mutual Insurance Co.,* 411 A.2d 1017, 1020 (Me.1980); *Central Maine Power Co. v. Public Utilities Commission,* 405 A.2d 153, 159 (Me.1979).

■ The language of P.L.1975, ch. 622, § 66 states that the pro rata portion of retirement benefits corresponding to public service rendered prior to July 1, 1977 shall be determined "under the provisions of chapter 101 in effect immediately prior to July 1, 1977." Again, the provisions in effect immediately prior to July 1, 1977 stated that retirement benefits would be calculated based upon the greater of the employee's annual salary at the time of retirement or his gross earnings in the twelve months preceding retirement. There is nothing in this language to suggest that the reference to the "year preceding retirement" should be modified to refer to the year preceding July 1, 1977.

■ An interpretation limiting the computational base to the amount being paid in the year preceding July 1, 1977 would be inconsistent with the legislative purpose. The purpose behind section 66, as revealed from legislative history, is to reconcile the reform of the retirement system brought about by P.L.1975, ch. 622 with the legislature's desire to avoid infringing upon the accrued retirement rights and legitimate retirement expectations of employees who had been under the retirement system prior to its change. The interpretation of section 66 urged by the Board would frustrate the legitimate expectations of members of the retirement system and is therefore inconsistent with the legislative purpose. Fundamental rules of statutory construction prohibit our interpreting a statute in a manner inconsistent with the legislative purpose. *See Mundy v. Simmons,* 424 A.2d 135, 137 (Me.1980); *New England Tel. & Tel. Co. v. Public Utilities Commission,* 376 A.2d 448, 453 (Me.1977); *Finks v. Maine State Highway Commission,* 328 A.2d 791, 797 (Me.1974). We hold P.L.1975, ch. 622, § 66 to require that the pro rata portion of an employee's retirement benefits corre-

sponding to compensible employment served prior to July 1, 1977 be computed on the basis of the greater of the employee's annual rate of salary at the time of retirement or the amount actually earned by him in the twelve month period immediately preceding retirement.[2]

■ The statutory interpretation which we adopt dispenses with the need to reach the constitutional issues raised by the plaintiffs.[3] Any difference in the amount of retirement benefits which would be awarded under the interpretation adopted herein, and the law as it existed prior to the 1975 amendment, is insubstantial [4] and does not implicate the protection afforded by either the state or federal constitution. *See Allied Structural Steel Co. v. Spannaus*, 438 U.S.

234, 244, 98 S.Ct. 2716, 2722, 57 L.Ed.2d 727 (1978).

The entry is:

Judgment of the Superior Court reversed.

· Remanded to the Superior Court for entry of an order vacating the decision of the Board of Trustees of the Maine State Retirement System and remanding to the Board for further proceedings consistent with the opinion herein.

All concurring.

2. We note that P.L.1975, ch. 622, § 66 only becomes operational if the benefits computed on a pro rate basis would be larger than the benefits computed on the basis of average final compensation.

3. We are urged to hold that the pension benefit provided for public employees is a part of the employment contract and is constitutionally protected from impairment. Under this view the pension benefit is considered to be deferred compensation rather than a gratuity, and although an employee does not obtain any absolute right to fixed benefits, there are strict limitations upon modifications of the pension sys-

tem in effect during employment. *See, e.g., Betts v. Board of Administration of the Public Employees' Retirement System*, 21 Cal.3d 859, 148 Cal.Rptr. 158, 582 P.2d 614 (1978). We have no occasion in this case to consider adoption of the *Betts* rationale.

4. The record does not set forth the actual difference which would result from such a comparison. Computations based upon the data which is provided, suggests that the difference is minimal and does not exceed $250.00 per year in the case of any individual plaintiff.