Pamela D. JONES and Jennifer L. Dodge

v.

**Michael PETIT.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1983.

Decided April 5, 1984.

James R. Crotteau, Pine Tree Legal Assistance, Inc. (orally), Bangor, for plaintiffs.

James E. Tierney, Atty. Gen., Katherine Greason and Arlyn H. Weeks (orally), Asst. Attys. Gen., Dept. of Human Services, Augusta, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

ROBERTS, Justice.

Pamela Jones and Jennifer Dodge appeal from a decision of the Superior Court, Kennebec County, upholding the denial of post-termination Medicaid benefits following termination of their eligibility for Aid to Families with Dependent Children (AFDC). Such Medicaid benefits are normally awarded for up to four months when AFDC is terminated due to increased income. Plaintiffs became ineligible for AFDC because of a statutory reformulation of eligibility criteria. On appeal they argue that the Superior Court erred in its conclusion that the reformulation does not constitute "increased income" within the meaning of the Medicaid statute. We affirm the judgment.

I.

The plaintiffs in this case are both single working mothers with at least one dependent child. Prior to enactment by Congress of the Omnibus Budget Reconciliation Act of 1981 (OBRA), each had been the recipient of AFDC and Medical Assistance Program (Medicaid) payments under the eligibility criteria then in place. OBRA's reformulation of eligibility criteria resulted in the denial of further AFDC payments to Jones and Dodge and a refusal to grant them any post-termination Medicaid. Jones and Dodge appealed the termination of Medicaid benefits to the Maine Department of Human Services. Following individual fair hearings, the department ruled that neither Jones nor Dodge were eligible for post-termination Medicaid because the termination of AFDC benefits was not the result of an increase in their income. Instead, the department ruled, termination occurred when the same income was subjected to new federal guidelines, and the Medicaid statute does not contemplate awarding post-termination Medicaid under these particular circumstances.

Jones and Dodge then instituted a class action in the Superior Court pursuant to 5 M.R.S.A. § 11001, 42 U.S.C. § 1983, and M.R.Civ.P. 23 & 80B, seeking declaratory and injunctive relief and attorney's fees.[1] The suit named Michael Petit, in his capacity as Commissioner of the Maine Department of Human Services, as defendant. The plaintiffs argued that the term "increased income," as used in the Medicaid statute, referred to "countable income," i.e., that portion of gross income which remains

1. Standing of the named plaintiffs to bring this action on behalf of all similarly situated AFDC and Medicaid recipients in the State of Maine has not been challenged on appeal.

following various deductions and "disregards" taken in the course of determining eligibility. The court, however, citing *Concord General Mutual Ins. Co. v. Patrons-Oxford Mutual Ins. Co.,* 411 A.2d 1017 (Me. 1980), ruled that "a plain reading of the statute, unambiguous on its face," must govern its interpretation, and concluded that the term "increased income" referred to a recipient's gross income.

## II.

Aid to Families with Dependent Children, now codified at 42 U.S.C. §§ 601–15, was enacted as part of the Social Security Act of 1935. By statute, 22 M.R.S.A. §§ 3741–58, the State of Maine elected to participate in this program, which is administered by the Department of Human Services. The Medical Assistance Program, now codified at 42 U.S.C. §§ 1396–96p, was appended to the Social Security Act in 1965, and is administered by the Maine Department of Human Services pursuant to 22 M.R.S.A. § 3173. Eligibility for AFDC results in automatic Medicaid eligibility, see 42 U.S.C. § 1396a(a)(10)(A)(i). Under the previous formula for determining AFDC eligibility, a prospective recipient's gross income was reduced by various deductions and disregards to reach countable income. The countable income was then compared to a state payment standard and, if it fell below that standard, the claimant would be entitled to benefits.[2] Under OBRA, a claimant's gross income is first set against a standard of need established for a family of the claimant's size, as a threshold test. If the income

2. 42 U.S.C. § 602(a)(7)–(8) (Supp.1980).

3. 42 U.S.C. § 602(a)(18) (Supp.1981).

4. The intent behind enactment of this provision was to reduce the disincentive to work created by the so-called "Medicaid notch." According to a Senate Report, "a person might not want to seek greater earnings since additional earnings would make him ineligible for Medicaid with the result that he would lose medical benefits worth many times more than the dollar of marginal income which moved him off the cash assistance rolls. This so called Medicaid notch is both inequitable and a disincentive to work."

exceeds 150% of that standard, then AFDC eligibility is denied without any further inquiry as to the claimant's countable income.[3]

Both plaintiffs in this case qualified for AFDC benefits under the previous formula, but failed to meet the threshold test established by OBRA. Under 42 U.S.C. § 1396a(e)(1), a recipient whose AFDC benefits are terminated due to "increased hours of, or increased income from, employment," remains eligible for up to four additional months of Medicaid payments, provided certain other criteria are met.[4] Both Jones and Dodge met the latter criteria,[5] but the question of their eligibility for post-termination Medicaid hinges upon whether the termination of their AFDC benefits can reasonably be imputed to "increased income from ... employment." We conclude, with the department and the court below, that such an interpretation of plaintiffs' circumstances strains the meaning of the statutory subsection.

Although the legislative intent behind section 1396a(e)(1) seems to disfavor the plaintiffs' position, *see supra* note 4, we need not look behind the statutory language to its legislative history when the statutory language is plain and unambiguous on its face. *Terry v. St. Regis Paper Co.,* 459 A.2d 1106, 1109 (Me.1983); *Concord General Mutual Ins. Co.,* 411 A.2d at 1020. The word "income" in the phrase "income from employment," without a qualifying adjective, should be accorded its ordinary meaning, *see generally Franklin Property Trust v. Foresite, Inc.,* 438 A.2d 218, 222

*S.Rep. No.* 1230, 92d Cong., 2d Sess. 220 (1972). The availability of up to four months of post-termination Medicaid was meant to cushion the blow resulting from a loss of AFDC eligibility. *Id.* at 221.

5. A recipient family must have been receiving AFDC benefits in at least three of the six months immediately preceding the month in which ineligibility occurs, and at least one member of the family must remain employed during the period that post-termination Medicaid is received. 42 U.S.C. § 1396a(e)(1) (Supp. 1981).

(Me.1981); *State v. Snow,* 383 A.2d 1385, 1388 (Me.1978), i.e., money in exchange for services, or wages. Plaintiffs urge that the use of the term "countable income" in other parts of the statute implies that the word "income" in section 1396a(e)(1) must mean "countable income," in order for the statute to be internally consistent. Legislative use of such a modifier in other contexts, however, is not persuasive as to the meaning of "income" in the present context. Its unadorned use, when coupled with the phrase "from employment," clearly denotes a reference to the recipient's wages without regard to other elements of the eligibility criteria.

The plaintiffs' loss of eligibility for AFDC payments did not result from any real increase in income, but from a reformulation under OBRA of the eligibility standard. Section 1396a(e)(1), while ameliorative, was never meant to redress all instances where AFDC benefits are cut off. We would have to disregard the statutory language to hold that an administrative change in eligibility criteria is equivalent to an increase in income from employment.

The entry is:

Judgment affirmed.

All concurring.

