**FISHERMENS LANDING, INC.**

v.

**The TOWN OF BAR HARBOR, et al.**

Supreme Judicial Court of Maine.

Argued March 3, 1987.

Decided March 26, 1987.

P. Andrew Hamilton (orally), Eaton, Peabody, Bradford & Veague, Bangor, for plaintiff.

Anthony J. Giunta (orally), Ellsworth, for Frenchman's Bay Boarding Co. and Robert Collier.

Bernard C. Slaples, Bar Harbor, for Town of Bar Harbor.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The defendants, the Town of Bar Harbor, Robert Collier, and Frenchman's Bay Boating Company, appeal the decision of the Superior Court (Hancock County) granting a permanent injunction enjoining the Town from processing Collier's application for a building permit under the Town's 1969 zoning ordinance. The Superior Court ruled that Collier's application, filed on June 11, 1986, was controlled by an ordinance enacted on June 10, 1986 with an effective date of July 10, 1986. Defendants contend the application was controlled by the earlier ordinance. We find no error and deny the appeal.

The relevant facts may be summarized as follows: On March 4, 1986 the 1969 Bar Harbor Zoning Ordinance became the subject of a declaratory judgment action challenging the ordinance for failure to comply with the Maine Shoreland Zoning Act. The residents of Bar Harbor voted to enact a new ordinance on June 10, 1986, that satis-

fied the requirements of the Maine Shoreland Zoning Act.[1] The 1986 ordinance had an effective date of July 10, 1986 and repealed and superceded all conflicting ordinances. On June 11, 1986, one day after enactment of the new ordinance, Collier applied for a building permit. Although the application was processed pursuant to the 1969 ordinance, it was denied because Collier was unable to meet the parking requirements. He received a variance conditioned upon his receipt of approval from the Building Inspector for his parking plans. Due to the inspector's absence from Bar Harbor, Collier was unable to receive his permit prior to the effective date of the 1986 ordinance. On July 15, plaintiff filed a motion in the underlying declaratory judgment action for a preliminary injunction restraining the Town from issuing the permit to Collier. Collier and Frenchman's Bay Boating Company moved to intervene pursuant to M.R.Civ.P. 24(a) and their motions were granted. Following the hearing on the permanent injunction, the presiding justice found that Collier's application was not pending at the passage of the 1986 ordinance and ruled that the application could not be processed pursuant to the 1969 ordinance. The Superior Court issued a permanent injunction and defendants appeal.

■ The relevant statute provides that:

> Actions and proceedings pending at the time of the passage or repeal of an Act or ordinance are not affected thereby.

1 M.R.S.A. § 302 (1979). On appeal, Collier contends that "passage" as used in this statute means "effective date" rather than the date when the vote was taken. This contention is without merit. Passage is defined as "[e]nactment; the act of carrying a bill or resolution through a legislative or deliberative body in accordance with the prescribed forms and requisites." *Black's Law Dictionary* 1012 (5th ed. 1979). We agree with the Superior Court that the

meaning of "passage" is unambiguous and we deny the appeal.

The entry must be:

Judgment affirmed.

All concurring.

---

**1.** Initially, the named defendants were the Town of Bar Harbor, the Maine Board of Environmental Protection, the Maine Land Use Regulation Commission, and the Attorney General.

Following the enactment of the 1986 ordinance, all defendants but the Town of Bar Harbor were dismissed.