**Adelpha DUPLESSIS et al.**

v.

**COBBOSSEE DEVELOPMENT GROUP et al.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1987.

Decided Dec. 18, 1987.

Clifford H. Goodall (orally), Dyer & Goodall, Augusta, for plaintiffs.

Peter B. Bickerman (orally), Lipman & Katz, Augusta, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Plaintiffs, Adelpha Duplessis and other Cobbosseecontee lake front property owners, appeal the judgment of the Superior Court affirming the Winthrop Planning Board's approval of the development applications of the Defendant, Cobbossee Development Group. The Planning Board had ruled that the Development Group's applications, filed on February 13, 1986, were not governed by a Winthrop ordinance placing a moratorium on development enacted on February 3, 1986, because that ordinance did not become effective until March 5, 1986. Plaintiffs contend that, as a matter of law, the moratorium ordinance became effective upon its February 3 passage and that, therefore, as a matter of fact, the Planning Board did not accept the Development Group's applications on February 13, 1986.

We find no error and affirm the Superior Court's judgment.

On February 3, 1986, the Winthrop Town Council enacted an ordinance that placed a moratorium on the acceptance of applications for multi-family development within the Town's Shoreland District for one year following final passage of the ordinance or as soon thereafter as permitted by the Town Charter.[1] Ten days later, on February 13, the Development Group submitted formal applications to the Town Code Enforcement Officer for the development of townhouses within the Shoreland District. Review of the applications was scheduled for the February 24 Planning Board meeting. Confused over the effective date of the February 3 moratorium ordinance on development, the Planning Board voted to postpone consideration of the applications until the advice of the Town Council could be obtained. On March 3, 1986, the Town Council informed the Planning Board that

1. Section 213 of the Town of Winthrop's Charter specifies that a town ordinance "shall take effect and be in full force 30 days from and after it shall have received full passage by the Town Council."

the ordinance's effective date was governed by the Town Charter and that the ordinance took effect thirty days after its February 3 passage; namely, on March 5.

Relying on the Town Council's interpretation of the ordinance, the Planning Board approved the Development Group's applications. In reaching its decision, the Planning Board found that the applications had been accepted for review upon receipt of the completed application forms by the Code Enforcement Officer on February 13. The Planning Board further concluded that the applications were therefore pending prior to the March 5 effective date of the moratorium ordinance and that, consequently, its restrictions did not apply to the Development Group's proposal.

The Plaintiffs then sought a M.R.Civ.P. 80B review to Superior Court, asserting that the ordinance had removed the Planning Board's jurisdiction to act on the Development Group's applications. The Superior Court affirmed the Planning Board's findings and the Plaintiffs entered this appeal.

In reviewing the Planning Board's actions we are "limited to determining whether there was an abuse of discretion, error of law, or findings not supported by substantial evidence in the record." *Lakes Environmental Association v. Town of Naples*, 486 A.2d 91, 94 (Me.1984); *see Keith v. Saco River Corridor Commission*, 464 A.2d 150, 153 (Me.1983).

■ The Plaintiffs allege that the Planning Board erred in finding that the effective date of Winthrop's moratorium ordinance was governed by the Town Charter.

The relevant portion of the ordinance provides a moratorium on

the acceptance of applications by the Town of Winthrop for any multi-family development or building in the Shoreland District as shown on the zoning map of the Town of Winthrop ... for a period not to exceed one year commencing with final passage of this ordinance or as soon thereafter as permitted by the Charter, unless otherwise extended pursuant to the Charter or Ordinances of the Town of Winthrop.

Any application which has been filed with and accepted for review by the Planning Board prior to the effective date of this ordinance shall be processed according to the regulations for multi-family development in the Shoreland Zone in effect at this time.

When a statute's language is clear, we must apply its plain meaning. *Concord General Mutual Insurance Co. v. Patrons–Oxford Mutual Insurance Co.*, 411 A.2d 1017, 1020 (Me.1980). *See Champagne v. Fortin*, 402 A.2d 471, 473 (Me. 1979). The language of this ordinance is clear: its effective date is governed by the Town Charter. Applying the Charter's provisions to the ordinance, it is apparent that the ordinance did not apply to any application filed with and accepted for review by the Board prior to March 5.

■ As for the Plaintiffs' second contention on appeal, there was no error in the Planning Board's determination that it had accepted the Development Group's applications for review prior to March 5. The record amply supports the Planning Board's interpretation of its own conduct.[2]

---

2. We defer to the Planning Board's interpretation of its own past conduct. *See Bar Harbor Banking and Trust Co. v. Superintendent of the Bureau of Consumer Protection*, 471 A.2d 292, 296 (Me.1984).

The Plaintiffs' reliance on *Fishermens Landing, Inc. v. Town of Bar Harbor*, 522 A.2d 1312 (Me.1987), to support their contention that the moratorium ordinance became effective upon enactment is misplaced. In *Fishermens Landing* we held that applications that are pending at the time of enactment of a new ordinance are entitled to be processed under the prior ordinance. 1 M.R.S.A. § 302 (1979); *Fishermens Landing,*

*Inc. v. Town of Bar Harbor*, 522 A.2d at 1313. The purpose is to protect a pending application from being required to satisfy requirements of an ordinance that have been added by amendment after completion of the application. Moreover, the statute does not prohibit an extension of these protections. In particular, we can find no reason why municipalities may not protect applications pending at the effective date as well as those pending at the time of the ordinance's passage. Inasmuch as the Winthrop Town Charter serves to extend the exemption from recent amendments to its ordinance to applications filed after an ordinance's enact-

In acknowledging the receipt of completed applications and setting a date for further action in the matter, the Planning Board acted on the substance of the proposal, thereby manifesting that the applications were adequate to begin the review process. *See Maine Isle Corp. v. Town of St. George,* 499 A.2d 149, 151 (Me.1985); *Littlefield v. Inhabitants of the Town of Lyman,* 447 A.2d 1231, 1235 (Me.1982). In sum, we find no error in the Planning Board's conclusion that the applications at issue were pending before it in February, 1986.

The entry is:

Judgment affirmed.

All concurring.

ment, it does not conflict with either the rule of *Fishermens Landing* or our statutory law.