Herbert BEAN *

v.

H.E. SARGENT, INC.

Albert LONKO

v.

DIAMOND INTERNATIONAL
CORPORATION.

Supreme Judicial Court of Maine.

Argued March 9, 1988.
Decided May 31, 1988.

Peter Weatherbee, Mitchell & Stearns,
Bangor, for H.E. Sargent, Inc.

Paul H. Sighinolfi (orally), Rudman &
Winchell, Bangor, for Diamond Intern.
Corp.

James MacAdam (orally), McTeague,
Higbee, Libner, Reitman, MacAdam &
Case, Topsham, for Employees.

Before McKUSICK, C.J., and
NICHOLS, ROBERTS, GLASSMAN,
SCOLNIK, and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendant-employers in these consolidated cases, H.E. Sargent, Inc. and Diamond International Corporation, appeal from the decisions of the Appellate Division of the Workers' Compensation Commission affirming the decisions of a commissioner that the lump sum posthumous awards of permanent impairment benefits to the estates of employees Herbert Bean and Albert Lonko were not barred by the provisions of 39 M.R.S.A. § 60 (1978). We affirm the decisions.

I

Each of the employees sustained a work-related injury that was compensated pursuant to an agreement with his employer duly approved by the Commission. Each died of causes unrelated to his work-related injury without having filed a petition for a determination of the extent of his permanent impairment.[1] 39 M.R.S.A. §§ 56, 56–A (Supp.1987). Following the death of each employee, his estate filed a petition for permanent impairment benefits. In each instance the defendant-employer pleaded as an affirmative defense that the permanent impairment benefits could not be awarded posthumously. None of the parties disputes

* 39 M.R.S.A. § 2(5)(A)(2) (Supp.1987) provides in pertinent part:
Any reference to an employee who has been injured shall, when the employee is dead, include his legal representatives, dependents

and other persons to whom compensation may be payable....

1. Herbert Bean died in September 1982, and Albert Lonko died in April 1984.

that each employee had reached his maximum medical improvement at the time of his death. Nor is there any dispute that during his lifetime each could have successfully maintained a petition for a lump sum award for a permanent impairment.

The commissioner found that as a result of work-connected injuries Albert Lonko had suffered a 7% permanent impairment to his right hand and a 15% permanent impairment to his left leg and Herbert Bean a 25% permanent impairment to his back. The commissioner, holding that the estate of each employee was entitled to the benefits, ordered Lonko's employer to pay $10,442.88 to Lonko's estate and Bean's employer to pay $15,682 to the estate of Bean. From the decisions of the Appellate Division affirming the commissioner's decisions, the employers appeal.

II

The employers contend that because a permanent impairment award is determined by a specified period of presumed total incapacity for any scheduled injury listed in 39 M.R.S.A. §§ 56, 56–A, the posthumous award of permanent impairment benefits is prohibited by 39 M.R.S.A. § 60. We disagree.

Pertinent provisions of sections 56 and 56–A in effect at the time this case arose read as follows: [2]

In addition to the benefits provided for in sections 54 and 55,[3] when an employee sustains an injury which is included in the following schedule, the incapacity in each case shall be deemed to be total for the period specified and the injured em-

ployee shall receive a lump sum payment for said injury, which shall be determined under section 54 by the period of presumed total incapacity set forth in this section. The specific periods of presumed total incapacity because of injuries specified in this section shall be as follows: ...

As relevant to Lonko's and Bean's injuries, section 56 provides that for the "loss of a hand, 165 weeks" and for the "loss of a leg, 200 weeks," and section 56–A for the loss of a "Back: 200 weeks."

Section 60 provides:

If the employee shall die before having received the entire amount of compensation to which he is entitled under this Act, the compensation payable to him before his death shall be paid to his dependents, if any; otherwise to his executor or administrator. No compensation is payable for presumed total incapacity for any period following the death of an employee.

Section 60 was enacted by P.L.1929, ch. 300, § 16.

Prior to 1965, an employee who received an injury to a part of the body listed in the schedule in the Workers' Compensation Act was entitled to receive compensation for presumed total incapacity on a weekly basis for the number of weeks specified in the statute. At the expiration of that period, the employee could petition for additional weekly compensation under the sections of the Act providing for actual total and partial incapacity. *See, e.g.*, P.L.1929, ch. 300, § 13; R.S. ch. 31, § 13 (1954).[4]

2. By P.L.1985, ch. 372, Pt. A, §§ 20 & 21, identical amendments were made to both sections 56 and 56–A. These amendments occurred after the operative events of this case, and appear not to affect the issue before us.

3. 39 M.R.S.A. § 54 (Supp.1987) provides in pertinent part:
While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a *weekly* compensation equal to ⅔ his average gross weekly wages, earnings or salary.... In the following cases it shall, for the purposes of this Act, be *conclusively presumed that the injury resulted in permanent total incapacity....* (Emphasis added).

39 M.R.S.A. § 55 (Supp.1987) provides in pertinent part:
While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a *weekly* compensation equal to ⅔ the difference, due to his injury, between his average gross weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he is able to earn thereafter.... (Emphasis added).

4. Prior to its revision by P.L.1965, ch. 408, § 5, the first paragraph of section 56 provided:
In cases of injuries included in the following schedule the incapacity in each case shall be

■ Since 1965 when the Legislature changed the Workers' Compensation Act to provide that permanent impairment benefits be paid to an injured employee in a lump sum in addition to any weekly compensation for a work incapacity, a permanent impairment benefit has not been related in any way to wage replacement. P.L. 1965, ch. 408, § 5 (presently set forth in 39 M.R.S.A. §§ 56 and 56–A). *See Reggep v. Lunder Shoe Products Co.*, 241 A.2d 802, 803 (Me.1968). An injured employee may be entitled to weekly compensation for either total. or partial incapacity for work over the period of the weeks of the incapacity as well as a one-time, lump sum payment of compensation for a permanent impairment to the employee's body. The payment of compensation for a permanent impairment pursuant to sections 56 and 56–A is not dependent on loss or diminution of wages and is paid without regard to whether the permanent impairment has, in fact, adversely affected the employee's capacity to work. *See Bouford v. Bath Iron Works Corp.*, 514 A.2d 470, 474 (Me.1986); *Campbell v. Bates Fabrics, Inc.*, 422 A.2d 1014, 1015 (Me.1980). The payment of a permanent impairment benefit, pursuant to sections 56 and 56–A, is not compensation for any actual period that the employee is totally incapacitated and unable to work, but for the loss of function of an injured part of the body. *Campbell*, 422 A.2d at 1016. The period of presumed incapacity referred to in sections 56 and 56–A [5] is simply an arbitrarily designated multiplier used in mathematically calculating the amount of the permanent impairment award. Accordingly, we agree with the decision of the commissioner that the last sentence of section 60 does not bar the posthumous award of a lump sum for a claimed permanent impairment of a portion of the body of an injured employee.

The entry is: Decision of the Appellate Division of the Workers' · Compensation Commission affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

deemed to be total for the period specified; *and after such specified period, if there be a total or partial incapacity for work* resulting from the injury, the employee shall receive compensation while such total or partial incapacity continues under section 54 and 55 respectively. The specific periods during which compensation for *presumed total incapacity* is to be paid because of the injuries hereinafter

specified shall be as follows: ... (Emphasis added).

5. This should be contrasted to the presumed total incapacity for which an injured employee receives weekly compensation as a wage replacement, as provided in section 54. *See supra* n. 3.