ALEXANDER, J. and JABAR, J.,
dissenting,
[¶ 36] We respectfully dissent from the Court’s decision that the explicit language of 33 M.R.S. § 478(1)(A) (2016) giving standing in any action affecting the conservation easement to “[a]n owner of an interest in the real property burdened by the easement,” is somehow ambiguous. After holding that section 478(1)(A) is ambiguous, the Court erroneously determines that the Estate of Merrill P. Robbins lacked standing to bring this action affecting its *1196 interest in its real property burdened by the easement and affirms the Superior Court’s order dismissing the Estate’s complaint seeking to enforce the conservation easement. The Court does remand for the trial court to explore whether or not there might be some contractual obligation that might give the Estate standing.
I. EASEMENT HISTORY
[¶ 37] In 1997, Marion B. Payson executed a conservation easement by deed. The Chebeague <& Cumberland Land Trust (the Land Trust) is the current grantee of the deed and “holder” of the easement. The easement covers a roughly 100-acre parcel of land on the coast in Cumberland, referred to as “the Property” throughout the deed. The conservation easement’s stated purpose is to retain the Property “predominantly in its scenic, natural, and open space condition for conservation purposes and to prevent any use of the Property that will significantly impair or interfere with the conservation values of the Property and the Property’s natural resources and associated ecosystems.” This stated purpose generally follows the definition of “conservation easement” in 33 M.R.S. § 476(1) (2016). Neither the stated purpose of the conservation easement nor the statutory definition make any particular mention of public access, though many of the uses listed would involve use by some individuals, though not necessarily the public at large. See id.
[¶ 38] The Estate owns only a small portion of the 100-acre parcel subject to the conservation easement. Since the 1997 creation of the easement, (1) the Town of Cumberland has acquired another part of the 100 acres to develop a beach, a sixty-car parking lot, a bath house and related amenities, and (2) a real estate developer has acquired the remainder of the protected land that has been divided into ten house lots.[12] Although conservation easements are required by law to be “unlimited in duration” subject to certain exceptions, 33 M.R.S. § 477(3) (2016), limitations on uses consistent with the original stated purposes of the easement apparently are being abandoned, except on the Estate’s property.[13]
[¶ 39] The Land Trust, as holder of the conservation easement and grantee of the deed, is primarily responsible for enforcing the terms of the easement. See 33 M.R.S. §§ 476(2), 478(1)(B). The Land Trust supports the planned development of the land.
[¶ 40] The Estate, after communicating its concerns to the Land Trust and the Town, brought this action naming the Land Trust and the Town as defendants. Upon the Town’s and the Land Trust’s motions to dismiss pursuant to M.R. Civ. P. 12(b)(6), the trial court dismissed the Estate’s complaint in its entirety, concluding that the Estate lacked standing to initiate an action to enforce the conservation easement as it relates to the Town’s property.
[¶ 41] The trial court interpreted 33 M.R.S. § 478(1)(A) and concluded that the statutory language “[a]n owner of an interest in the real property burdened by the easement” is limited to an owner of an interest in the real property that may actually be subject to development or other use allegedly inconsistent with the limitations of the conservation easement — here, the Town property. By that reasoning, ac *1197 cepted by the Court, only an owner of land being developed in violation of a conservation easement has standing, as an owner, to challenge its own violation of the easement.
II. LEGAL ANALYSIS
[¶ 42] Every plaintiff who commences a lawsuit must demonstrate that it has standing to do so. Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 7, 96 A.3d 700. “Standing” is a term that “refers to the minimum interest or injury suffered that is likely to be redressed by judicial relief,” and what is required to demonstrate standing may be set out by the common law or by statute, depending upon the type of claim. Id.
[IT 43] The conservation easement laws codified at 33 M.R.S. §§ 476 to 479-C (2016) apply to the conservation easement at issue in this matter, because the easement was created after September 19, 1985. See 33 M.R.S. § 479-A(l); P.L. 1985, ch. 395, § 3 (effective Sept. 19, 1985). Section 478(1) specifies who may initiate or intervene in an action affecting a conservation easement. It provides, in pertinent part:
1. Action or intervention. An action affecting a conservation easement may be brought or intervened in by:
A. An owner of an interest in the real property burdened by the easement;
B. A holder of the easement;
C. A person having a 3rd-party right of enforcement; or
D. The Attorney General [provided certain conditions are met first],
[¶44] The statute identifies four different entities that may enforce a conservation easement. This case deals with only one of those alternatives, section 478(1)(A). There is no reason to discuss the possible role of the Land Trust that is a holder of the easement, section 478(1)(B); the Attorney General pursuant to section 478(1)(D); or other parties, including abutting landowners, that may have third party rights of enforcement pursuant to section 478(1)(C).
[¶ 45] The Estate’s complaint is “[a]n action affecting a conservation easement.” 33 M.R.S. § 478(1). To establish standing, pursuant to section 478(1)(A), therefore, the Estate must demonstrate only that it is “[a]n owner of an interest in the real property burdened by the easement.” 33 M.R.S. § 478(1)(A). There is no dispute that the Estate owns property that is “burdened by the easement.”
[¶ 46] “In construing a statute our duty is to give effect to the intent of the Legislature as evidenced by the language of the statute.” Concord Gen. Mut. Ins. Co. v. Patrons-Oxford Mut. Ins. Co., 411 A.2d 1017, 1020 (Me. 1980). “We will construe a statute based on its plain meaning in the context of the statutory scheme, and only if the statute is ambiguous will we look to extrinsic indicia of legislative intent such as relevant legislative history.” Strout v. Cent. Me. Med. Ctr., 2014 ME 77, ¶ 10, 94 A.3d 786. “If the meaning of the language is plain, we must interpret the statute to mean exactly what it says.” Concord Gen. Mut. Ins. Co., 411 A.2d at 1020.
[¶ 47] As indicated in the quote from section 478(1)(A) above, “[a]n action affecting a conservation easement may be brought or intervened in by ... [a]n owner of an interest in the real property burdened by the easement.” The plain meaning of this language confers standing to bring an action affecting a conservation easement upon any person who owns an interest in the land burdened by the easement. Section 478’s specific reference to “the real property burdened by the easement” refers back to all of the real property so burdened, not just the property that may be used in violation of the easement.
[¶48] “The” is a definite article and it points to a definite object. “[T]he real *1198 property burdened by the easement” is a specific reference, and it is a reference to the property described in a conservation easement that is being burdened by that conservation easement. To conclude that “the real property burdened by the easement” refers only to the parcel being altered would require this Court to add to the language of 478(1)(A), Although the holder of the easement has certain duties that other property owners within the “real property burdened by the easement” may enforce, this does not limit the enforcement capacity given to any property owner who owns land within the overall conservation easement.
[¶ 49] Under basic property law, a landowner who owns property subject to an easement holds that property subject to all of the restrictions within the easement. A conservation easement is one form of easement and carries the same duties and burdens of any easement.
A conservation easement is usually not an easement in the sense of an affirmative right to use or traverse the burdened property .... Since the landowner agrees to restrict activity on the land, a conservation easement may be more accurately viewed as a restrictive covenant or negative easement.
4-34A Richard R. Powell, Powell on Real Property § 34A.01 (Michael Allan Wolf ed., 2005).
[¶ 50] The Land Trust and the Town argue that applying section 478’s plain language would lead to illogical or absurd results contrary to public interest. They speculate that landowners subject to conservation easements spanning thousands of acres may commence lawsuits to prevent other landowners living miles away from making small improvements to their property. That hypothetical is not the situation before us. Here the easement covers only 100 acres, and the use, quiet enjoyment, and value of the Estate’s property may be directly affected by the development of the Town property as a public beach.
[¶ 51] Even considering the Land Trust and the Town’s hypothetical, though, such a result would not be absurd or illogical. In an analogous case involving a 31,000-acre subdivision property, we concluded that owners of a leasehold interest in a developed lot in a subdivision had standing to challenge proposed changes in use of a few undeveloped lots not contiguous to the leaseholder’s lot. Nelson v. Bayroot, LLC, 2008 ME 91, ¶¶ 3-7, 9-14, 953 A.2d 378 (noting that courts in other states have held that “those with interests in property contained in a subdivision have interests in other subdivision property”). Furthermore, courts and defendants have tools to dispatch litigation that is frivolous or otherwise fails to state a claim appropriate for judicial determination. See, e.g., M.R, Civ. P. 11,12(b)(6), 56.
[¶ 52] The truly absurd or illogical application of section 478(1) would be to hold that only the developer of land violating the easement, or the holder of the easement who supports the development, have standing to challenge the resulting violation of the easement. The plain meaning of section 478(1)(A) is that any owner of an interest in the real property burdened by a conservation easement has standing to commence an action affecting that easement.
[¶ 53] Because the Estate, as an owner of an interest in the land benefítted and burdened by the conservation easement, has standing to challenge an alleged violar tion of the conservation easement on another lot that may adversely affect the Estate’s quiet enjoyment of its land, we would vacate and allow the action to proceed on the merits of the Estate’s claim.

. Three houses have already been built in this area, and seven lots remain available for development.

. This easement was created in 1997. Conservation easements created after 2007 may be terminated or amended only with court approval in an action in which the Attorney General is made a party. See 33 M.R.S. §§ 477(3)(B), 477-A(2)(B), 478 (2016).